ROTHWELL FIGG ERNST & MANBECK, P.C.
Christopher Ott (CA Bar No. 235659)
cott@rothwellfigg.com
16501 Los Barbos
Rancho Santa Fe, CA 92067
(202) 783-6040

Leo M. Loughlin (pro hac vice)
(DC Bar No. 474963)
(lloughlin@rfem.com)
Daniel McCallum (pro hac vice)
(DC Bar No. 1006938)
(dmccallum@rfem.com)
Jennifer Maisel (pro hac vice)
(DC Bar No. 1025637)
(jmaisel@rfem.com)
Caitlin M. Wilmot (pro hac vice to be filed)
(DC Bar No. 241246)
(cwilmot@rfem.com)
Dylan Haversack (pro hac vice to be filed)
(VA Bar No. 95814)
(dhaversack@rfem.com)

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAD ZAMFIR<br><br>               Plaintiff,<br><br>   v.<br><br>CASPERLABS, LLC,<br><br>              Defendant. | Case No. 3:21-cv-00474-TWR-AHG<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TRADEMARK CANCELLATION.**<br><br>**DEMAND FOR A JURY TRIAL**<br><br>Original Complaint Filed: March 17, 2021 |

1    Plaintiff Vlad Zamfir ("Mr. Zamfir" or "Plaintiff"), by and through the

2    undersigned counsel, files this First Amended Complaint and Demand for Jury Trial

3    against Defendant, CasperLabs, LLC ("CasperLabs" or "Defendant"), and hereby

4    alleges as follows:

5    <u>**NATURE OF THE ACTION**</u>

6    1.    Mr. Zamfir is a prominent researcher in the blockchain community and

7    developed a seminal correct-by-construction ("CBC") proof-of-stake ("PoS")

8    blockchain consensus protocol.  Around March 2015, Mr. Zamfir adopted the name

9    "Casper" for his research and development of the PoS protocol.  On November 2,

10    2017, Mr. Zamfir released a first draft version of the CBC Casper PoS protocol, and

11    by December 2018, Mr. Zamfir published the CBC Casper protocol 1.0 specification.

12    Accordingly, Mr. Zamfir is often credited as being the "Face of Casper."  In October

13    2019, CasperLabs released a specification for a PoS blockchain architecture based on

14    Mr. Zamfir's original Casper CBC specification, which it called the "Highway"

15    protocol.  This action arises primarily from CasperLabs' recent activities, beginning

16    on or about August 2020, to instead use the name "Casper" to describe its PoS

17    protocol and for filing for federal registration of the CASPER mark.

18    2.    This civil action includes claims for trademark infringement, false

19    designation of origin, and unfair competition under Section 43(a) of the Lanham Act,

20    15 U.S.C. § 1125(a), and for the substantial and related claims of trademark

21    infringement and unfair competition under the common law of California, all arising

22    from the Defendant's improper use of the Casper name (and related terms "Casper

23    network," "Casper protocol," "Casper blockchain," and "CSPR") in connection with

24    the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's

25    PoS blockchain network.

26

27

28

3.      Plaintiff's false designation, unfair competition, and trademark claims are based on Defendant's use in commerce of the Casper name, despite having no right to do so, causing confusion in the market and damage to Plaintiff.

4.      Plaintiff seeks injunctive relief, cancellation of U.S. Trademark Registration Nos. 6202402 and 6131157, abandonment of pending U.S. Trademark Application Serial No. 88603814, and monetary relief.

## THE PARTIES

5.      Plaintiff Vlad Zamfir is an individual, residing at 79 Hemlo Cres, Ottawa, ON K2T1E1.  Mr. Zamfir is a citizen of Canada.

6.      Mr. Zamfir has been, and continues to be, an innovator and prominent researcher in blockchain technology.  He has conducted cutting edge research and developed a novel proof-of-stake consensus protocol, enabling more secure peer-to-peer networks and solving widely-recognized issues with malicious miners.  Mr. Zamfir has spent considerable time, effort, and money developing his PoS protocol and sharing his research with the crypto industry.

7.      Upon information and belief, Defendant CasperLabs is incorporated under the laws of Wyoming, and has a principal place of business at 11440 West Bernardo Court, Suite 300, San Diego, CA 92127.  CasperLabs LLC is a subsidiary of CasperLabs AG, a Swiss corporation that does business under the name of CasperLabs LLC.  CasperLabs AG is the sole member of CasperLabs LLC.

8.      Upon information and belief, Defendant CasperLabs is engaged in the development of blockchain technology and an open-source proof-of-stake blockchain network.

## JURISDICTION AND VENUE

9.      This action arises under the trademark laws of the United States, Title 15 of the United States Code.  This court has jurisdiction over this action pursuant to 15 U.S.C. § 1125, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles

2

1  of supplemental jurisdiction under 28 U.S.C. § 1367.

2      10.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), in that

3  Defendant resides in this district.

4      11.    On information and belief, Defendant CasperLabs is subject to personal

5  jurisdiction in this district by virtue of its presence in this State, having its principal

6  place of business in this judicial district, having conducted business in this State,

7  having availed itself of the rights and benefits of California laws such that it should

8  reasonably anticipate being hauled into court in this judicial district, having engaged

9  in systematic and continuous contacts with the State of California, and in particular

10  within this judicial district, and from the receipt of substantial revenue from activities

11  conducted in this state and in this judicial district.

12                                  **FACTS**

13                          **Blockchain Background**

14      12.    In simple terms, a blockchain is a distributed protocol that stores

15  transactional records as a chain of "blocks."  Each block contains a cryptographic

16  fingerprint, called a hash, of the previous block, a timestamp, and other data.  Once a

17  block is recorded to the chain, it cannot be altered retroactively without leaving

18  evidence of the alteration by breaking the hash chain.

19      13.    Cryptocurrency protocols, like Bitcoin and Ethereum, leverage

20  blockchain technology to secure peer-to-peer networks without relying on any single

21  legal entity to own or administer the network.

22      14.    Certain types of blockchain applications, such as those used for

23  cryptocurrency exchanges, rely on consensus protocols to validate the operation of

24  the applications.  Historically, these blockchain-based cryptocurrencies have relied on

25  a "proof of work" ("PoW") consensus mechanism to secure the network.  PoW

26  requires that "miners" run computationally intensive cryptographic programs to show

27  that they are devoting a lot of computational power in order to produce a "winning

28

                                     3

1    block," which is basically a block with low enough odds of being mined.  A
2    tremendous amount of electrical energy and microchip manufacturing has been
3    devoted to mining in order to secure PoW protocols, because miners earn
4    cryptocurrency in exchange for producing blocks.  PoW protocols have been widely
5    criticized for their outsized consumption of computational and electrical energy.
6    Sustainability and workability of this consensus mechanism has been seriously
7    questioned by the industry and general public.  Therefore, much of the technical
8    development in the blockchain industry has been devoted to the development of
9    alternative consensus mechanism.

10          15.    This, an alternative to PoW, called "proof-of-stake" ("PoS"), has been
11   under research in the blockchain and cryptocurrency industry for over five years.  It
12   promises to eliminate the computational waste inherent to PoW.  PoS uses digital
13   resources as opposed to computational resources to create barriers to attacking the
14   blockchain network.

15                  **Mr. Zamfir's Development of the Casper Protocol**

16          16.    Mr. Zamfir is a well-known and respected researcher of
17   cryptoeconomics and distributed systems.  In particular, Mr. Zamfir is one of the two
18   lead researchers of Casper PoS blockchain protocols.  The other lead researcher
19   associated with Casper is Vitalik Buterin, founder of Ethereum.

20          17.    Blockchain technology is new and emergent, and consensus protocol
21   mechanisms for blockchain-based cryptocurrencies cover a novel area of technical
22   research.  Therefore, only a few individuals are considered to be competent in this
23   nascent field.  Mr. Zamfir is recognized as one of the lead researchers in the
24   blockchain industry.  As someone with deep background and expertise in this field,
25   Mr. Zamfir considers it his duty to steward technical research and public education in
26   blockchain technology in a responsible manner.

27

28

4

18.     Around 2014, Mr. Zamfir began researching and developing a new PoS blockchain protocol design in conjunction with Vitalik Buterin and the Ethereum Foundation, a non-profit organization dedicated to supporting the Ethereum open-source blockchain platform through development, research, and education.

19.     Around March 2015, Mr. Zamfir adopted the name "Casper" for his research and development of a new PoS protocol, which was attempted parodied adaptation of the name of an existing protocol at that time, referred to as GHOST, for PoS with incentive mechanism design for oligopolistic markets.

20.     The new PoS protocol design research conducted by Messrs. Zamfir and Buterin made it clear that there was a need to create a formal specification for a consensus protocol, and thus Messrs. Zamfir and Buterin took their research into distributed systems in two separate directions.  Mr. Zamfir's branch of this research became known as "CBC Casper," which refers to correct-by-construction ("CBC") software design methodology.  The branch of research conducted by Mr. Buterin became known as "Casper the Friendly Finality Gadget" ("FFG").  Messrs. Zamfir and Buterin have been jointly conducting this research since 2015 in connection with the much-anticipated, and much-publicized slated release of the Casper PoS protocol for the Ethereum protocol mainnet.  Mr. Buterin's branch of Casper research is now marketed under the name "Ethereum 2.0."  Mr. Zamfir's branch, CBC Casper, is currently known and referred to throughout the industry and consuming public as "Casper."

**Mr. Zamfir's Use of the Casper Trademark in Commerce**

21.     Mr. Zamfir has been conducting research and development under the Casper name around the world, and in particular, in the United States, continuously, since at least as early as March 2015.

22.     For example, from 2015 to present day, Mr. Zamfir has used and continues to use the Casper name when communicating and advocating for the

5

adoption of his PoS blockchain research with technical professionals, investors, and fellow researchers and developers within the Ethereum community and blockchain industry around the globe.

23.     Mr. Zamfir uses the CBC Casper and Casper name exclusively when communicating his work on PoS and distributed systems to the wider public via Twitter, Github, and his personal blogs.  Currently, Mr. Zamfir has over 67.3 thousand followers on Twitter.

24.     Mr. Zamfir's Casper name is distinctive to both the consuming public and his tradecraft.

25.     On August 1, 2015, Mr. Zamfir published a post on the Ethereum Foundation blog titled "Introducing Casper 'the Friendly Ghost.'"  Ex. A.  The blog post states that "Casper is a security-deposit based economic consensus protocol," and notifies readers that they "can looking forward to seeing simulations, informal and formal specification, formal verifications, and implementations of Casper!"  *Id*.

26.     By 2017, Mr. Zamfir used the Casper mark in commerce in connection with distributing downloadable Casper CBC software and specifications under open source licensing agreements in the United States.  For example, Mr. Zamfir published his CBC Casper software and specifications on GitHub.  GitHub is a global platform provided by GitHub, Inc., a company located in San Francisco, California, that allows developers and companies to build, ship, and maintain software.  GitHub currently has over 65 million developers, 200 million repositories, and is widely accessible to consumers in the United States.  Ex. B.  For example, Mr. Zamfir's Casper CBC software and specifications were published under several folders on GitHub, including cbc/casper; vladzamfir/cbc_casper; and ethereum/cbc-casper.

27.     By March 2017, Mr. Zamfir published the first formal verification of CBC Casper on GitHub, which was and remains available to download by anyone in

6

1    the United States at https://github.com/pirapira/cbc_casper and

2    https://github.com/vladzamfir/cbc_casper.  Exs. C-D.

3          28.     By November 2017, Mr. Zamfir and the Ethereum research group

4    released a software prototype of Casper on GitHub, which was and remains available

5    to download by anyone in the United States at https://github.com/ethereum/cbc-

6    casper/releases.  Ex. E.  The Casper release is subject to the GNU Affero General

7    Public License, an open source license designed to permit other developers to widely

8    adopt and build upon the Casper protocol specification.  Ex. F.   A "readme" file

9    accompanying the code describes the release as "Casper CBC," a "python

10   implementation of a class of ["correct-by-construction" consensus protocols]," which

11   "includes Casper the Friendly Ghost (a blockchain consensus protocol) and Casper

12   the Friendly Binary Consensus Protocol."  Ex. G.  Casper version 0.2.0 was released

13   on January 24, 2018, and versions 0.3.0 and 0.3.1 were released on April 27, 2018.

14         29.     On December 18, 2017, Mr. Zamfir uploaded to GitHub a draft CBC

15   Casper protocol specification titled "Casper the Friendly Ghost  A 'Correct-by-

16   Construction' Blockchain Consensus Protocol."  Ex. H.  The paper notes that "[e]arly

17   prototypes of both Casper the Friendly Binary Consensus and Casper the Friendly

18   Ghost have been implemented," and cites to the source code available for download

19   at GitHub at https://github.com/ethereum/cbc-casper.  *Id.*, p. 13.

20         30.     Mr. Zamfir has substantially benefitted from the creation and

21   distribution of the CBC Casper software, specification, and protocol under open

22   source licenses throughout the United States.  These benefits include economic

23   benefits, such as generating market share, promoting international recognition, and

24   obtaining free improvements to CBC Casper.

25         31.     Moreover, since at least 2015, and continuously through present day,

26   Mr. Zamfir has provided blockchain technology consulting services using the Casper

27   trademark in the United States.  For example, Mr. Zamfir has used the Casper

28

1   trademark in connection with the sale or advertising of consulting services to support

2   implementation of the Casper CBC protocol in commercial products and services

3   offered in the United States. *See, e.g.*, Exs. I-J.

4        32.    In addition to his work with the Ethereum foundation, Mr. Zamfir served

5   as a Director with the RChain Cooperative, led by Greg Meredith and headquartered

6   in Seattle Washington, to implement a blockchain platform based on his Casper CBC

7   protocol specification.  Mr. Zamfir was quoted in a September 22, 2017, press release

8   stating:

9           I'm satisfied that research Greg Meredith and I have done on Casper
10          and sharding over the last couple of years has been foundational to the
    RChain ecosystem. I believe in our results and in the formal methods
11          that make them easily defensible. . .  I'll (of course) continue to
    contribute to the open-source/public domain development of Casper
12          and sharding through ongoing research, independently and as a
    contractor for the Ethereum Foundation.

13  Ex. K.  Mr. Zamfir joined RChain as a Board Director as the Co-op neared the

14  conclusion of its private token sale in September 2017.  *Id.;* Ex. L.  The RChain

15  blockchain is known as the first implementation of the CBC Casper consensus

16  algorithm.  *See* Ex. M.

17       33.    Mr. Zamfir has also marketed his CBC Casper development and

18  consulting services using the Casper trademark in connection with seminars,

19  conferences, workshops, and lectures on blockchain research in the United States.

20  For example, Mr. Zamfir presented on "Cryptoeconomics in Casper" at the Crypto

21  Economics Security Conference on October 3, 2017, at University of California,

22  Berkeley. This presentation and several others have been uploaded to YouTube and

23  other online video platforms, with thousands of views.

24       34.    Additional presentations by Mr. Zamfir in the United States, through

25  which he marketed his research and consulting services under the Casper name

26  include:

27

28

a. "Upgrading Ethereum: Casper and Sharding," at NYC Ethereum Enthusiasts (May 2016, New York).

b. "Proof of Stake Panel," at Silicon Valley Ethereum Meetup (October 25, 2016, California).

c. "Discussing Casper," at Construct 2017 (January 2017, San Francisco, California).

d. "Security and Consideration of the Casper Protocol," at Blockchain Protocol Analysis and Security Engineering ("BPASE") 17 at Stanford University (January 27, 2017, California).

e. "Upgrading Casper and Sharding," at NYC Ethereum (July 1, 2017, New York).

f. "Demo of CBC Casper with LMD Ghost," at IC3 Bootcamp at Cornell University (July 13-19, 2017, New York).

35.   Mr. Zamfir received compensation for several of his presentations on Casper.  *See, e.g.*, Ex. N.  Mr. Zamfir's Casper name and his research on proof-of-stake protocols offered thereunder have received significant coverage in various media, including at least the following:

a. A 2017 Bloomberg piece ("And one man, Vlad Zamfir, has a plan to fix it. This week, Bloomberg's Matthew Leising and Brad Stone speak to Zamfir about his big dreams for Ethereum and how his project (codenamed **Casper**) could pave the way for masses of ordinary internet users to join in the craze.") (emphasis added).

b. Recognition in a 2018 article in The New Yorker ("Zamfir is the lead developer of one strand of **Casper**, an ongoing software upgrade designed to make Ethereum scale better and work more securely.") (emphasis added).

9

    c.  He was named one of the 100 Most Influential People in Crypto, 2020 Edition, by CryptoWeekly for his work on proof-of-stake.

    d.  Blockchain community blogsite, Blockgeeks, has stated "Vlad Zamfir is often credited as being the '**Face of Casper**.'" (emphasis added)

36.    As a result of his work, the Casper name has come to signify the high quality and singular nature of Mr. Zamfir's research, development, and design of the blockchain PoS consensus protocol designated by the Casper name.  The Casper name has acquired irreplaceable distinction, reputation, and goodwill.

### Mr. Zamfir and CasperLabs

37.    Around November or December of 2018, Mr. Zamfir was approached by CasperLabs after Devcon, the yearly Ethereum developer conference, about collaborating on the research and development of a new blockchain.  The proposal centered on the adoption of Mr. Zamfir's version of CBC Casper PoS protocol, which at that time was implemented as a fork of RChain (a "fork" is a separate derivative software repository with independent administration), which he was made to expect would honour RChain's token holders with genesis token distributions.

38.    As part of this proposed collaboration, Mr. Zamfir understood that he would have two roles at CasperLabs: (1) as lead consensus protocol architect; and (2) to serve on the governance committee and to speak with outside investors and present the protocol.  In return for his fulfillment of these roles and duties, CasperLabs promised to financially sponsor much of Mr. Zamfir's blockchain research on Casper.

39.    On February 14, 2019, on behalf of himself and his company, Coordination Technology, Ltd. (CoorTech), Mr. Zamfir entered into a Research Agreement with CasperLabs, setting forth specific terms by which he would provide research, analysis, and advice relating to CBC Casper to CasperLabs to integrate into its proposed blockchain.  The Research Agreement acknowledges that Mr. Zamfir is "a highly recognized thought leader in the world-wide blockchain community with an

10

1  expertise in blockchain consensus protocols, sharding and governance," and that he

2  had been and was "presently doing work related to a family of proof-of-stake

3  consensus protocols, known as 'CBC Casper' and Casper compliant composite

4  sharding."

5      40.    CasperLabs was also interested in using Mr. Zamfir's name and image to

6  promote the collaboration, and in connection with CasperLabs' business, products,

7  and services.  On the same day, February 14, 2019, on behalf of his company

8  CoorTech, Mr. Zamfir entered into a Licensing Agreement with CasperLabs, Ltd.,

9  granting CasperLabs limited rights in the use of his name and image.  As part of the

10 Licensing Agreement, CasperLabs agreed to provide fundraising services and to

11 source and close donations from third parties, free of charge, to fund Mr. Zamfir's

12 work on CBC Casper.

13     41.    Within just a few months of the start of their working engagement, it

14 became apparent to Mr. Zamfir that CasperLabs was acting in violation of the terms

15 of the contract.  CasperLabs acted too much in leveraging his name and image in

16 branding their company and too little to fund the CBC Casper research agenda.

17 There were multiple resets on the technology development side with Mr. Zamfir even

18 providing CasperLabs with a liveness proof for CBC Casper, but CasperLabs

19 continued to be more interested in marketing than in the technology.

20     42.    Specifically, Mr. Zamfir became concerned that CasperLabs was

21 misappropriating his name and falsely asserting affiliations with him in a manner that

22 was misleading CasperLabs' investors and the public at large for the purpose of

23 taking advantage of Mr. Zamfir and his reputation.

24     43.    Already in a strained relationship with CasperLabs, Mr. Zamfir decided

25 to end his relationship with CasperLabs after yet another press release was published

26 without his prior consent, and in light of the complete lack of fundraising activity for

27 technical research for CBC Casper, putting Mr. Zamfir's operation at risk.

28

11

44.     On September 11, 2019, Mr. Zamfir sent notice to CasperLabs that CoorTech was terminating both the Research Agreement and the License Agreement. He terminated the License Agreement in October 2019.  Mr. Zamfir agreed to extend the Research Agreement until November 2, 2019, to buy time for a negotiation and clarification of terms.  But when that process proved to be unfruitful, Mr. Zamfir did not extend the Research Agreement further.

45.     In or about June 2020, approximately nine months after their relationship with Mr. Zamfir ended, CasperLabs posted documentation explaining their supposed implementation of the Casper protocol.  In that documentation they stated that "[t]his protocol is built on Vlad Zamfir's correct-by-construction (CBC) Casper research." As of the date of this Amended Complaint, after the initiation of this lawsuit and years after the end of their relationship, that statement about their relationship with Mr. Zamfir still appears on their website where they discuss their supposedly independent technology.  *See* https://docs.casperlabs.io/en/latest/ (last viewed on June 1, 2021).  In fact, the Defendant has not adequately deployed Mr. Zamfir's CBC Casper protocol.

46.     Since terminating the License Agreement in October 2019 and the Research Agreement in November 2019, Mr. Zamfir has not had any research or business relationship with CasperLabs, its affiliated entities, nor has he worked on any of CasperLabs' products or services.

47.     While CoorTech, Mr. Zamfir's company, still maintains some beneficial ownership in CasperLabs due to a lack of credible selling opportunities, Mr. Zamfir has no control of the company or their actions.

48.     There has been irreparable harm and damage to the Casper name and to Mr. Zamfir's and the broader blockchain research ecosystem due to CasperLabs' misappropriation and misuse of the Casper name.

**CasperLabs' Misappropriation of the Casper Name**

49.     Throughout the duration of the collaboration, CasperLabs did not have a name for its PoS protocol.  CasperLabs had, on several occasions, asked for Mr. Zamfir's permission to use the name "Casper" for its protocol "mainnet" and token, but Mr. Zamfir refused to give his consent.

50.     Mr. Zamfir made clear to CasperLabs that the "Casper" name should not be used to describe any of CasperLabs' planned blockchain releases that were developed as a result of the collaboration, but instead should be used technically to refer only to his PoS consensus protocol research.  For example, when Mr. Zamfir objected to calling the token "Casper," CasperLabs used "CLX" as a placeholder for the name of the token (the "CL" for CasperLabs and the "X" for indicating an exchange), with ongoing discussions about a new name.

51.     On October 31, 2019, CasperLabs released a protocol specification that extends CBC Casper with a module for "liveness."  The module was initially conceptualized and developed during the course of the collaboration by Daniel Kane.  While Mr. Zamfir was working with CasperLabs, the extension was called "Highway Protocol."  CasperLabs later started calling this product "CasperLabs Highway Protocol," and then "Casper Highway Protocol" as part of their rebranding strategy.

52.     By August 2020, however, in anticipation of its upcoming network launch and coin sale scheduled for March 23, 2021, CasperLabs began referring to its blockchain protocol and token as "Casper."

53.     For instance, on August 31, 2020, CasperLabs' website announced the network launch and token sale, referring to its offering as "[t]he Casper public network and token sale," and referring to its blockchain network as simply "Casper."

54.     As the date of sale approached, CasperLabs only increased its efforts at rebranding its project by misappropriating the "Casper" name, either alone or in combination with other terms, such as "Casper network," "Casper protocol," "Casper

13

1   Highway Protocol," and "Casper blockchain."

2       55.    For instance, as of the date of the Original Complaint, on its homepage,

3   casperlabs.io, CasperLabs claimed to "develop[] and maintain[] Casper," and

4   encouraged website visitors to "[m]eet Casper" through an introductory video or to

5   "learn more about Casper" on it developer page.  In each instance, "Casper" is used

6   in reference to its blockchain product and service offerings.  A screenshot of its

7   homepage, as of March 2021, is set forth below.

8

9

10

11

12

13

14   

15

16

17

18

19

20

21

22

23

24

25

26

27

28

56.    As part of its strategic, wholesale rebranding in August 2020, CasperLabs also developed a webpage designated to the network itself, using "Casper" logos and the acronym "CSPR" to refer to the token coins to be offered for sale on the cryptocurrency platform.  A March 2021 screenshot of the Casper network page is set forth below.



57.    There have been numerous instances of people confusing the launch with Mr. Zamfir, questioning whether or not he was involved.

58.    In addition to using the Casper name in its marketing and advertising of its blockchain technology without Mr. Zamfir's consent, CasperLabs has gone several steps further and improperly sought to obtain ownership of the trademark with a registration of the mark CASPER in its own name, despite the fact that in the industry, it is still used almost exclusively to refer to Mr. Zamfir's PoS consensus protocol research.

15

59.     During the summer of 2019, Mr. Zamfir had several discussions with CasperLabs concerning its use and registration of the CASPER mark.  He was not willing to compromise on his refusal to allow "Casper" to be used as a name for CasperLabs' blockchain network.

60.     Set forth below is a July 9, 2019, screenshot of a Telegram communication between Plaintiff's associate and Scott Walker, a board member, and at least at the time, the managing director of CasperLabs, in which Plaintiff's associate states that Mr. Zamfir "cannot get past your intention to use the name 'Casper.'"



July 9, 2019

Vlad and I are speaking about the proposal you sent and cannot get past your intention to use the name "Casper". If we cannot agree on another name there is is no point discussing the rest of the document.                 11:46 AM

Scott Walker
I know there is a lot of push back on the name. We have lots of names there that are NOT "Casper" it will affect the incentive structure but obviously we know we cannot fit a square peg into a round hole..
                                                          11:48 AM

61.     In order to secure exclusive protection over the name Casper and to preclude others from using the name, CasperLabs and Mr. Zamfir decided to seek federal trademark registration on Mr. Zamfir's behalf. CasperLabs therefore agreed to register the trademarks, and agreed that they would then transfer those trademarks to Mr. Zamfir.  Set forth below is a July 10, 2019 screenshot of a chat on Telegram where a representative of CasperLabs is agreeing to "get 'Casper' trademark set up and done for *CoorTech*," *i.e.* Mr. Zamfir (emphasis added).

16

1
2
3
4
5
6
7
8
9

**Scott Walker**                                               1:58 PM
@aDaliana Thanks for the call today. Very helpful. Here
are our initial notes and updates:

1. Varun is leading the follow up on trying to get          2:00 PM
"Casper" trademark set up and done for CoorTech. He
will be in touch with you via email so you (and of
course Vlad) can see the real-time updates on what
they can and cannot do.. (Casper is going to be very
tough to trademark for numerous reasons)

2. Mrinal and Varun are getting you a much more            2:03 PM
detailed review of both the Validator sale and the token
sale.

10     62.  CasperLabs never followed up with Plaintiff regarding their agreement

11   to seek trademark protection in Plaintiff's name.  Instead, and without Plaintiff's

12   knowledge or permission, CasperLabs sought the trademark in its own name.

13     63.  On September 4, 2019, CasperLabs, LLC filed U.S. Trademark

14   Application Serial No. 88/979132 in its own name for the trademark CASPER in

15   connection with "Technological consulting in the field of cryptocurrency; Design and

16   development of computer software for decentralized computing using blockchain

17   technology; Providing on-line non-downloadable computer software for use as a

18   cryptocurrency wallet; Cryptocurrency services, namely, providing on-line non-

19   downloadable computer software for use as a cryptocurrency wallet comprising a

20   digital currency or digital token, incorporating cryptographic protocols, used to

21   operate and build applications and blockchains on a decentralized computer platform

22   and as a method of payment for goods and services; Data mining, namely,

23   coordinating efforts of a decentralized data scientist network; Providing online non-

24   downloadable computer software for coordinating the data gathering and analyzing

25   efforts of a decentralized data scientist network and for enabling a decentralized data

26   marketplace" in International Class 042. The trademark was registered as

27   Registration No. 6202402 on November 17, 2020, and bears a date of first use of

28

September 4, 2019, and a date of first use in commerce of August 12, 2020.  As proof of their use for Reg. No. 6202402, CasperLabs LLC submitted copies of the Swiss CasperLabs website.

64.     On September 4, 2019, CasperLabs, LLC filed U.S. Trademark Application Serial No. 88603814 for the mark CASPER in connection with "Downloadable computer software for managing cryptocurrency transactions using blockchain technology; Downloadable computer software platforms for developing, building, and operating distributed applications; Downloadable computer software platforms for blockchains; Downloadable computer software for use as a cryptocurrency wallet" in International Class 009 and "Financial services, namely, providing a decentralized and open source cryptocurrency on a global computer network utilizing blockchain technology; Financial services, namely, providing a decentralized and open source cryptocurrency on a global computer network utilizing blockchain technology for use in staking protocols on blockchains; Enabling a decentralized data marketplace, namely, cryptocurrency exchange services and financial brokerage services for cryptocurrency trading" in International Class 036. This application is an intent-to-use application and was filed on September 4, 2019. This application is still pending.

65.     On February 13, 2019, CasperLabs, LLC filed U.S. Trademark Application Serial No. 88300598 in its own name for the trademark CASPERLABS in connection with "Downloadable computer software for managing cryptocurrency transactions using blockchain technology; Downloadable computer software platforms for developing, building, and operating distributed applications; Downloadable computer software platforms for blockchains; Downloadable computer software for use as a cryptocurrency wallet" in International Class 009 and "Technological consulting in the field of cryptocurrency; Design and development of computer software for decentralized computing using blockchain technology;

18

Providing on-line non-downloadable computer software for use as a cryptocurrency wallet; Cryptocurrency services, namely, providing on-line non-downloadable computer software for use as a cryptocurrency wallet comprising a digital currency or digital token, incorporating cryptographic protocols, used to operate and build applications and blockchains on a decentralized computer platform and as a method of payment for goods and services" in International Class 042.  The trademark was registered as Registration No. 6131157 on August 18, 2020, and bears a date of first use of October 16, 2018, and a date of first use in commerce of November 4, 2018.

66.     CasperLabs never informed Plaintiff of its registrations of the CASPER trademark, including U.S. Trademark Registration No. 6202402 and U.S. Trademark Application Serial No. 88603814.

67.     It was not until January 25, 2021, shortly before the filing of this lawsuit, that Plaintiff first learned that CasperLabs had registered the CASPER mark.

68.     As of the date of this pleading, CasperLabs has not assigned either U.S. Trademark Registration No. 6202402 or U.S. Trademark Application Serial No. 88603814, to either Mr. Zamfir or CoorTech, despite their prior agreement.  Both the registration and the pending application currently list CasperLabs, LLC as the owner. As proof of their use for Reg. No. 6131157, CasperLabs LLC submitted copies of the Swiss CasperLabs website.

**Confusion and Irreparable Harm**

69.     CasperLabs' use of the Casper name to advertise and market its own blockchain technology products and services, and to promote its blockchain network and coin, are causing and will continue to cause confusion as to the source of the products and services, leading customers to mistakenly believe CasperLabs' products and services are somehow Mr. Zamfir's work or are otherwise associated with him or his company CoorTech.  Furthermore, this interferes with Mr. Zamfir's use of the Casper name in research and development, because it requires resolving ambiguity

1 and phrasing communications in order to avoid unintentionally promoting

2 CasperLabs, and thereby making it harder for Mr. Zamfir to market the genuine

3 products of his research.

4    70.    Mr. Zamfir's name has already been associated with CasperLabs in a

5 way that has been harmful to his reputation.  Mr. Zamfir is regularly contacted by

6 people who are confused about his participation in the CasperLabs token sale and

7 mainnet launch.  Furthermore, people falsely assume that Mr. Zamfir's ongoing

8 Casper research is for CasperLabs instead of being independent or for Ethereum.

9 Finally, they are given a false impression that Mr. Zamfir's research is being financed

10 by some relationship with CasperLabs and that the fundamental research for the

11 ecosystem that CBC Casper represents is funded, making it harder for him to secure

12 funding.

13    71.    Since the March 17, 2021 filing of this lawsuit, several individuals have

14 already explained how they were confused and falsely associated CasperLabs with

15 Plaintiff due to CasperLabs' use of the Casper name.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Pat Fives** @patfives · 22h
Replying to @VladZamfir

wow crazy. I'd seen the emails from Coinlist and was planning to start
research for the sale solely because it's called CasperLabs and I assumed you
were running it.

♡ 6

**harryhalpin** @harryhalpin · 17h
Well, this is sketchy. I have to admit, I can't figure out what Casper Labs is
doing outside on capitalizing on **@VladZamfir**'s reputation and name. They
should at least distinguish themselves and perhaps change their names, it
just confuses people (including myself!)

**Vlad Zamfir** @VladZamfir · 17h
may the history/law of names be true/just🙏
Show this thread

(202) 783-6040
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VLAD ZAMFIR | Case No. '21CV474  GPC AHG

**COMPLAINT FOR VIOLATION OF
SECTION 43(A) OF THE LANHAM ACT,
15 U.S.C. § 1125(a), FOR FALSE
DESIGNATION OF ORIGIN**

Plaintiff,

v.

CASPERLABS, LLC, | **DEMAND FOR A JURY TRIAL**

♡ 3                              ⚠ Tip

**Tobby Kitty** ⚘ @TobbyKitty · Mar 18
Replying to @VladZamfir

I just learned there is CasperLabs and they have coins or some stuff.

WTF is this shit? The only Casper is Casper Protocol which carry the banner
for only PoS of Ethereum.

Good luck Vlad!

♡ 1                              ♡ 5

1
2

**Buzz Lightyear**

**Casper Official Announcements**
CasperLabs vigorously disputes the trademark claims made by V...

So Vlad and vitalik created the technology behind casper labs,
they'll created the name. Now casper labs take their ideas and
names and make coin of other people's ideas and work          4:05 PM

**Deepak B**
Can u pls clear wat Vlads role was in Casper. I knew he had his
research on Casper.                                           8:54 AM

Ivan

**Ali**

**Mrinal Manohar**
Then please do not participate, he is not and will not be part of t...

Hi Mrinal, Vlad Zamfir's name is still in your website. Under
documentation part it says 'The consensus protocol is built on Vlad
Zamfir's correct-by-construction (CBC) Casper work'.

Should you not remove his name from your website if the
mathematical logis is based on Dan's work- Highway Protocol?  1:39 PM

**Jay**
Hi admin - I have a question, i thought Vlad Zamfir was a major part
of Casper labs. and i have just noticed he has left ? what is the
current business relationship you have with him. was he one of the
casperlab founders i have came across this                ↩ 1  5:01 PM

**Giamfranco Bottone**
Wasn't vlad the main architect of casper? I though he was working
for you guys.                                                7:50 AM

**Thom**
Why is Vlad not your adviser anymore? The coindesk article is so
misleading!                                               ↩ 1  7:47 AM

22

FIRST AMENDED COMPLAINT

72.     Even the CasperLabs team recognized that using the Casper name to refer to the CasperLabs blockchain technology would create confusion with Mr. Zamfir's prior work.  For instance, in a February 18, 2019, Telegram message discussing use of the Casper name, a member of the CasperLabs team noted that using "Casper for the name of the protocol seems like it will lead to confusion or at least be hard to explain in the long run."  Another team member responded "*I agree, the name carries so much significance today. Vlad is the POS architect after all*." (emphasis added).

73.     Barring intervention, CasperLabs' use of the Casper name will continue to cause damage and immediate irreparable harm to Mr. Zamfir and to his reputation and goodwill within the industry and with the consuming public at large.  This goodwill, accumulated through years of research and development advancing blockchain technology for the benefit of the cryptocurrency market, is critical for his work.

74.     Investors, fellow researchers and developers within the Ethereum and global blockchain communities recognize the Casper name and associate it with the high quality design of Mr. Zamfir's CBC PoS protocol.

75.     Mr. Zamfir has no control over the products released by CasperLabs.  He has no confidence that the products of CasperLabs will meet his technical standards in PoS economics or in distributed system performance and correct-by-construction design.  Defendant is hijacking Mr. Zamfir's work for its own purposes under the Casper trademark, and excluding the actual creator.  Rather than building a truly open blockchain improvement, CasperLabs has formed partnerships that will allow China to deploy the Casper technology.  As announced in a February 11, 2021 interview, CasperLabs is seeking "state-level endorsement" by China of this technology.  *See* https://www.youtube.com/watch?v=T7tsJ_BlYGU (last viewed on June 1, 2021).

23

76.    The majority of Casper research remains underpublicized because of Mr. Zamfir's commitment to hold it back until he is convinced that it won't fall under the scope of blockchain immutability.  When Mr. Zamfir's products are set to displace blockchain immutability, they will be scheduled for a release under faithful use of the Casper name.  CasperLabs' improper association with Plaintiff's Casper release will put such a release at risk by making it harder for Mr. Zamfir and collaborators to associate, *inter alia*, their products and services with Mr. Zamfir's Casper blockchain technology and allowing others to associate their competing products and services, *inter alia*, with Mr. Zamfir's Casper blockchain technology.

77.    Mr. Zamfir has faced difficulties securing funding for further research, development, and adoption of CBC Casper due to industry confusion between CasperLabs and Mr. Zamfir, and the provenance of CBC Casper technology due to CasperLabs' unauthorized use of the Casper name.

**CasperLabs' Coin Sale and Mainnet Launch**

78.    On March 23, 2021, CasperLabs launched its initial coin offering ("ICO"), or token sale, of its CSPR coin on CoinList.  The Casper Network Mainnet subsequently launched on March 31, 2021.

79.    CasperLabs' Casper Highway protocol is a liveness component that specifies how validators reach consensus on transactions on the Casper Network Mainnet.  Unfortunately, the Highway protocol never met Mr. Zamfir's technical specifications and expectations for CBC Casper, due to, for example, Highway protocol's fork choice rule, use of validators, and unnecessary overhead.

80.    As of the date of this Amended Complaint, public records indicate that CasperLabs engaged in four rounds of initial coin offerings in March and April of 2021, which were called Option 1, Option 2, Option 3, and Option 4.

81.    Performance issues in the technology underlying the Casper Network are likely to be falsely associated with Mr. Zamfir's research and life's work, to his

24

detriment.  Based on CasperLabs' own statements and admissions, CasperLabs has launched its blockchain network and cryptocurrency using the Casper name for a token and blockchain. Mr. Zamfir is neither affiliated with nor endorses CasperLabs' blockchain network and cryptocurrency.  Buyers and investors believed, and still believe these products, to be associated with Mr. Zamfir.

82.    The false association between Defendant's Casper Network and Mr. Zamfir's CBC Casper, is and will continue to cause severe harm to Plaintiff, and specifically, to Mr. Zamfir's reputation and trade. This was the very harm that Mr. Zamfir sought to prevent through a preliminary injunction.

## COUNT 1

### (False Designation of Origin under 15 U.S.C. § 1125(a))

83.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-82 above, as if fully set forth herein.

84.    Defendant's use in commerce of the Casper name as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's PoS blockchain network, and is likely to cause consumers to believe, contrary to fact, that Defendant's proof-of-stake blockchain network is sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

85.    Defendant's acts set forth above constitute false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

86.    Defendant's conduct as alleged herein is willful and is intended to cause confusion, mistake, or deception, as to the affiliation, connection, or association of Defendant with Plaintiff.

87.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by

25

1  this court.  There is no adequate remedy at law for the harm caused by the wrongful

2  acts alleged herein.

3        88.    Plaintiff is entitled to, among other relief, injunctive relief and an award

4  of actual damages, Defendant's profits, enhanced damages and profits, reasonable

5  attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act,

6  15 U.S.C. §§ 1116, 1117.

7        89.    Defendant's acts set forth have been deliberate, willful and wanton,

8  making this an exceptional case within the meaning of 15 U.S.C. § 1117.

9        90.    Wherefore, Plaintiff prays for the relief requested below.

10  ## COUNT 2

11  **(Unfair Competition/Trademark Infringement under 15 U.S.C. § 1125(a))**

12        91.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-90 above,

13  as if fully set forth herein.

14        92.    As stated above, Plaintiff has used the trademark Casper in commerce

15  prior to any alleged use of Casper by Defendant.

16        93.    Defendant's use in commerce of the Casper name as alleged herein in

17  connection with similar goods and services is likely to cause confusion, mistake and

18  deception as to the origin, source, sponsorship, or affiliation of Defendant's PoS

19  blockchain network, and is likely to cause consumers to believe, contrary to fact, that

20  Defendant's proof-of-stake blockchain network is sold, authorized, endorsed, or

21  sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored

22  by Plaintiffs.

23        94.    Defendant's acts set forth above constitute unfair competition and

24  trademark infringement in violation of Section 43(a)(1)(A) of the Lanham Act, 15

25  U.S.C. § 1125(a)(1)(A).

26

27

28

95.     Defendant's conduct as alleged herein is willful and is intended to cause confusion, mistake, or deception, as to the affiliation, connection, or association of Defendant with Plaintiff.

96.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  There is no adequate remedy at law for the harm caused by the wrongful acts alleged herein.

97.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

98.     Defendant's acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

99.     Wherefore, Plaintiff prays for the relief requested below.

## <u>COUNT 3</u>

### (Trademark Infringement under California Common Law)

100.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1-99 above, as if fully set forth herein.

101.     Defendant's unlawful use of the CASPER trademark described above constitutes trademark infringement resulting in damage to Plaintiff in violation of the Common Law of the State of California.

102.     Plaintiff has been, is now and will be irreparably harmed by Defendant's aforementioned wrongful acts, unless enjoined by this Court.

103.     Wherefore, Plaintiff prays for the relief requested below.

## COUNT 4

### (Unfair Competition under California Common Law)

104.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-103 above, as if fully set forth herein.

105.    Defendant's unlawful use of the CASPER trademark described above constitutes unfair competition resulting in damage to Plaintiff in violation of the Common Law of the State of California.

106.    Plaintiff has been, is now and will be irreparably harmed by Defendant's aforementioned wrongful acts, unless enjoined by this Court.

107.    Wherefore, Plaintiff prays for the relief requested below.

## COUNT 5

### (Cancellation of U.S. Trademark Registration No. 6202402)

108.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-107 above, as if fully set forth herein.

109.    As stated above, Plaintiff has used the trademark Casper in commerce prior to any alleged use of Casper by Defendant.

110.    Defendant's use in commerce of the Casper name as alleged herein in connection with similar services is likely to cause confusion, mistake and deception as to the origin, source, sponsorship, or affiliation of Defendant's PoS blockchain network, and is likely to cause consumers to believe, contrary to fact, that Defendant's proof-of-stake blockchain network is sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

111.    Defendant's use in commerce of the mark CASPER with the goods and services in Registration No. 6202402 falsely suggests a connection with Plaintiff in violation of 15 U.S.C. §1052(a).  Defendant's use in commerce of the mark CASPER creates confusion as to the origin source, sponsorship, or affiliation of Defendant's

1   proof-of-stake blockchain network and token. Such use would also cause consumers
2   to believe that Defendant's proof-of-stake blockchain network and token is sold,
3   authorized, endorsed, or sponsored by Plaintiff, which is not the case.

4      112. Plaintiff, and the goodwill and reputation that Plaintiff has developed
5   over several years of research and marketing, is and will be damaged by continued
6   registration of the mark in Registration No. 6,202,402.

7      113. Plaintiff has been, is now and will be irreparably harmed by Defendant's
8   aforementioned improper trademark registration, unless that trademark registration is
9   cancelled by this Court, pursuant to 15 U.S.C. § 1119.

10     114. Wherefore, Plaintiff prays for the relief requested below.

11  **COUNT 6**
12  **(Cancellation of U.S. Trademark Registration No. 6131157)**

13     115. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-114
14  above, as if fully set forth herein.

15     116. As stated above, Plaintiff has used the trademark Casper in commerce
16  prior to any alleged use of Casper by Defendant.

17     117. Defendant's use in commerce of the CasperLabs name as alleged herein
18  in connection with similar goods and services is likely to cause confusion, mistake
19  and deception as to the origin, source, sponsorship, or affiliation of Defendant's PoS
20  blockchain network, and is likely to cause consumers to believe, contrary to fact, that
21  Defendant's proof-of-stake blockchain network is sold, authorized, endorsed, or
22  sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored
23  by Plaintiff.

24     118. Defendant's use in commerce of the mark CASPERLABS with the
25  goods and services in Registration No. 6131157 falsely suggests a connection with
26  Plaintiffs in violation of 15 U.S.C. §1052(a).  Defendant's use in commerce of the
27  mark CASPERLABS creates confusion as to the origin source, sponsorship, or

28

1  affiliation of Defendant's proof-of-stake blockchain network and token.  Such use

2  would also cause consumers to believe that Defendant's proof-of-stake blockchain

3  network and token is sold, authorized, endorsed, or sponsored by Plaintiff, which is

4  not the case.

5      119.   Plaintiff, and the goodwill and reputation that Plaintiff has developed

6  over several years of research and marketing, is and will be damaged by continued

7  registration of the mark in Registration No. 6131157.

8      120.   Plaintiff has been, is now and will be irreparably harmed by Defendant's

9  aforementioned improper trademark registration, unless that trademark registration is

10  cancelled by this Court, pursuant to 15 U.S.C. § 1119.

11      121.   Wherefore, Plaintiff prays for the relief requested below.

12                          **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

14      A.   That Defendant's use of CASPER has violated the Lanham Act, 15

15  U.S.C. § 1125(a) through its trademark infringement and false designation of origin.

16      B.   That Defendant's use of CASPER constitutes trademark infringement

17  under the Common Law of the State of California.

18      C.   That Defendant has engaged in unfair competition under the Common

19  Law of the State of California.

20      D.   That Defendant's trademark registrations for CASPER (U.S. Trademark

21  Registration No. 6202402) and CASPERLABS (U.S. Trademark Registration No.

22  6131157) are in violation of 15 U.S.C. § 1052(a) and such registrations should be

23  cancelled.

24      E.   A Declaration that Defendant is not the owner of the CASPER

25  trademark and any rights in the CASPER mark by Defendants are *void ab initio*.

26      F.   Granting an injunction permanently enjoining the Defendant, its

27  employees, agents, officers, directors, attorneys, successors, parents, affiliates,

28

1  subsidiaries, and assigns, and all of those in active concert and participation with any

2  of the foregoing persons and entities who receive actual notice of the Court's order by

3  personal service or otherwise from:

4        a.  engaging in any activity constituting unfair competition with

5           Plaintiff;

6        b.  making or displaying any statement, representation, or depiction that

7           is likely to lead the public or the trade to believe that Defendant's

8           proof-of-stake blockchain network is in any manner approved,

9           endorsed, licensed, sponsored, authorized, or franchised by or

10           associated, affiliated, or otherwise connected with Plaintiff;

11        c.  using or authorizing any third party to use in connection with any

12           business, goods, or services any false description, false

13           representation, or false designation of origin, or any marks, names,

14           words, symbols, devices, or trade dress that falsely associate such

15           business, goods and/or services with Plaintiff or tend to do so;

16        d.  registering or applying to register any trademark, service mark,

17           domain name, trade name, or other source identifier or symbol of

18           origin consisting of or incorporating the mark CASPER or any other

19           mark that is likely to be confused with Plaintiff's CASPER mark, or

20           any goods or services of Plaintiff, or Plaintiff as their source; and

21        e.  aiding, assisting, or abetting any other individual or entity in doing

22           any act prohibited by sub-paragraphs (a) through (d).

23       G.     Granting such other and further relief as the Court may deem proper to

24  prevent the public and trade from deriving the false impression that any goods or

25  services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or

26  otherwise offered or circulated by Defendant are in any way approved, endorsed,

27  licensed, sponsored, authorized, or franchised by or associated, affiliated, or

28

otherwise connected with Plaintiff or constitute or are connected with Plaintiff's proof-of-stake blockchain protocol.

H.      Directing Defendant to formally abandon with prejudice any and all of its U.S. applications to register the mark CASPER or any mark consisting of, incorporating, or containing Plaintiff's CASPER mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

I.      Directing Defendant to cancel with prejudice any and all of its U.S. registrations for the mark CASPER or any mark consisting of, incorporating, or containing Plaintiff's CASPER mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

J.      Directing, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the cancellation of U.S. Trademark Registration Nos. 6202402 and 6131157, and any and all other federal registrations for the mark CASPER or any mark consisting of, incorporating, or containing Plaintiff's CASPER mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendant.

K.      Directing, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

L.      Awarding Plaintiff damages for the claims arising under 15 U.S.C. § 1125(a) as well damages for the claim brought under California common law;

M.      Awarding Plaintiff an amount up to three times the amount of actual damages, in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

N.      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

O.      Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

P.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

Q.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

R.      Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 1, 2021             By: */s/ Christopher Ott*

Christopher Ott (CA Bar No. 235659)
16501 Los Barbos
Rancho Santa Fe, CA 592067
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
607 14th Street, NW; Suite 800
Washington, DC  20005
202-783-6040

*Attorneys for Plaintiff Vlad Zamfir*

33

## <u>TABLE OF CONTENTS OF EXHIBITS</u>

### Exhibits to Plaintiff's First Amended Complaint

| EX. | DESCRIPTION | STARTING PAGE NO. |
|---|---|---|
| A | August 1, 2015 blog post by Vlad Zamfir titled "Introducing Casper 'the Friendly Ghost'" on Ethereum.org, found at https://blog.ethereum.org/2015/08/01/introducing-casper-friendly-ghost/ | 1 |
| B | Screenshot of GitHub homepage, found at https://github.com/ | 9 |
| C | March 2017 formal verification of CBC Casper on GitHub, found at https://github.com/pirapira/cbc_casper | 29 |
| D | March 2017 formal verification of CBC Casper on GitHub, found at https://github.com/vladzamfir/cbc_casper | 31 |
| E | Schedule of releases of CBC Casper on GitHub, found at https://github.com/ethereum/cbc-casper/releases | 33 |
| F | GNU Affero General Public License (Version 3), dated November 19, 2007 | 36 |
| G | README file accompanying the v0.1 Devcon3 Release of the CBC Casper code on GitHub, found at https://github.com/ethereum/cbc-casper/releases/tag/v0.1.0 | 51 |

| EX. | DESCRIPTION | STARTING PAGE NO. |
|---|---|---|
| H | December 18, 2017 draft CBC Casper protocol specification by Vlad Zamfir titled "Casper the Friendly Ghost: A 'Correct-by-Construction' Blockchain Consensus Protocol," found at https://github.com/ethereum/research/blob/master/papers/CasperTFG/CasperTFG.pdf | 56 |
| I | RChain Cooperative Documentation, found at https://developer.rchain.coop/documentation | 73 |
| J | RChain Cooperative Wiki page, found at https://rchain.atlassian.net/wiki/spaces/CORE/pages/92536846/Political%2BCapital%2BCasper | 77 |
| K | September 22, 2017 press release titled "Vlad Zamfir Joins the RChain Cooperative," found at https://medium.com/rchain-cooperative/vlad-zamfir-joins-the-rchain-cooperative-a05f8e32c110 | 89 |
| L | September 22, 2017 tweet by Vlad Zamfir on Twitter, found at https://twitter.com/VladZamfir/status/911191217295253504 | 93 |
| M | RChain Cooperative Resources, found at https://rchain.coop/resources.html | 96 |
| N | September 30, 2016 Invoice from Coordination Technology LTD to Synereo LTD for speaking services and participation | 105 |