ROTHWELL FIGG ERNST & MANBECK, P.C.
Christopher Ott (CA Bar No. 235659)
cott@rothwellfigg.com
16501 Los Barbos
Rancho Santa Fe, CA 92067
(202) 783-6040

Leo M. Loughlin (pro hac vice)
(DC Bar No. 474963)
(lloughlin@rfem.com)
Jennifer Maisel (pro hac vice)
(DC Bar No. 1025637)
(jmaisel@rfem.com)
Rachel Echols (pro hac vice)
(DC Bar No. 991630)
rechols@rfem.com
Caitlin M. Wilmot (pro hac vice to be filed)
(DC Bar No. 241246)
(cwilmot@rfem.com)
Dylan Haversack (pro hac vice to be filed)
(VA Bar No. 95814)
(dhaversack@rfem.com)

Jennifer A. Golinveaux (SBN 203056)
jgolinveaux@winston.com
Irina V. Lyapis (SBN 298723)
ilyapis@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:       (415) 591-1000
Facsimile:       (415) 591-1400

David Enzminger
DEnzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA  90071-1543
Telephone:       (213) 615-1700
Facsimile:       (213) 615-1750

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLAD ZAMFIR<br><br>Plaintiff, | Case No. 3:21-cv-00474-TWR-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE** |

| | | |
|---|---|---|
| 1 | v. | **SECOND AMENDED COMPLAINT** |
| 2 | | Hearing Date: May 5, 2022 |
| 3 | CASPERLABS, LLC, | Time: 1:30 p.m. |
| 4 | Defendant. | Courtroom: 3A<br>Judge: Hon. Todd W. Robinson |
| 5 | | Magistrate: Hon. Allison H. Goddard |
| 6 | | Original Complaint Filed: March 17, 2021 |
| 7 | | Trial Date: Not Yet Set |

ii

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iv

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS .............................................................................. 2

III. DISCUSSION .................................................................................................. 3

    A. Legal Standards for Motions to Amend Under Rule 15(a) ..................... 3

    B. The Balance of Interests Weighs in Favor of Granting Leave to Amend ........................................................................................................ 5

        1. Zamfir Seeks Leave to Amend in Good Faith ................................ 6

        2. There is No Undue Delay to Warrant Denial of Leave to Amend ................................................................................................. 7

        3. CasperLabs Will Suffer No Prejudice by Zamfir Filing its Second Amended Complaint ......................................................... 8

        4. Zamfir's Propose Amendment is Not Futile ................................ 10

        5. No Prior Amendment by Zamfir Justifies Denial of Leave to Amend ............................................................................................. 11

    C. The Proposed Second Amended Complaint Promotes Judicial Economy .................................................................................................... 12

IV. CONCLUSION ............................................................................................. 12

iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
**Case No. 3:21-cv-00474-TWR-AHG**

# TABLE OF AUTHORITIES

**Cases**

*Abagninin v. AMVAC Chem. Corp.*,
  545 F. 3d 733 (9th Cir. 2008) ................................................................................11

*Adorno v. Crowley Towing & Transp. Co.*,
  443 F.3d 122 (1st Cir. 2006)..................................................................................11

*Baker v. Pacific Far East Lines, Inc.*,
  451 F.Supp. 84 (N.D.Cal.1978)..............................................................................11

*Barahona v. Union Pac. R.R.*,
  881 F. 3d 1122 (9th Cir. 2018) ..............................................................................10

*Bechtel v. Robinson*,
  886 F. 2d 644 (3d Cir. 1989) ...................................................................................9

*Bowles v. Reade*,
  198 F. 3d 752 (9th Cir. 1999) ..................................................................................7

*Campbell v. Emory Clinic*,
  166 F.3d 1157 (11th Cir. 1999) ...............................................................................8

*DCD Programs, Ltd. v. Leighton*,
  833 F. 2d 183 (9th Cir. 1987) ............................................................................7, 8

*Desertrain v. City of Los Angeles*,
  754 F. 3d 1147 (9th Cir. 2014) ................................................................................4

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) .................................................................................8

*Foman v. Davis*,
  371 U.S. 178 (1962)...........................................................................................5, 11

*Gilmore v. Union Pacific R. Co.*,
  No. 09-cv-02180, 2010 WL 2089346 (E.D. Cal. May 21, 2010) ............................1

*Horowitz v. Stewart Title Guar. Co.*,
  No. 16-00666 LEK-KJM, 2018 U.S. Dist. LEXIS 218101 (D. Haw., May 3,
  2018) .....................................................................................................................12

iv

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT
Case No. 3:21-cv-00474-TWR-AHG**

*Howey v. United States*,
    481 F. 2d 1187 (9th Cir. 1973) ................................................................. 6

*Jackson v. Bank of Hawaii*,
    902 F. 2d 1385 (9th Cir. 1990) ................................................................. 7

*Johnson v. Buckley*,
    356 F. 3d 1067 (9th Cir. 2004) ................................................................. 4

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
    175 F.R.D. 640 (C. D. Cal. 1997) ............................................................ 6

*Mayeaux v. Louisiana Health Care Service and Indem. Co.*,
    376 F.3d 420 (5th Cir. 2004) ..................................................................... 7

*Millar v. Bay Area Rapid Transit Dist.*,
    236 F. Supp. 2d 1110 (C.D. Cal. 2002) ........................................ 5, 6, 9, 12

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ................................................................... 8

*Moss v. United States Secret Serv.*,
    572 F. 3d 962 (9th Cir. 2009) .................................................................... 4

*Oliver v. In-N-Out Burgers*,
    286 F.R.D. 475 (S. D. Cal. 2012) ............................................................. 6

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F. 3d 708 (9th Cir. 2001) ................................................................ 4, 8

*Saes Getters S.P.A. v. Aironex, Inc.*,
    219 F. Supp. 2d 1081 (S.D. Cal. 2002) .................................................. 4, 5

*Solomon v. North American Life & Cas. Ins. Co.*,
    151 F.3d 1132 (9th Cir. 1998) ................................................................... 8

*Swanson v. United States Forest Serv.*,
    87 F.3d 339 (9th Cir. 1996). ...................................................................... 4

*Sweaney v. Ada County*,
    119 F. 3d 1385 (9th Cir. 1997) ................................................................ 10

v

*Texaco, Inc. v. Ponsoldt*,
    939 F. 2d 794 (9th Cir. 1991) ........................................................................................7

*Topadzhikyan v. Glendale Police Dep't*,
    No. CIV 10-387, 2010 WL 2740163 (C.D. Cal. July 8, 2010) ................................1

*Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector*,
    836 F. 3d 1146 (9th Cir. 2016) ....................................................................................8

*United States v. Webb*,
    655 F. 2d 977 (9th Cir. 1989) ......................................................................................7

*Wheeler v. City of Santa Clara*,
    894 F. 3d 1046 (9th Cir. 2018) ..................................................................................10

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
    309 F.R.D. 645 (W. D. Wash. 2015) .....................................................................7, 9

*Yastrab v. Apple Inc.*,
    173 F. Supp. 3d 972 (9th Cir. 2016) ...........................................................................7

**Statutes**

15 U.S.C. § 1052(d) ...........................................................................................................1

15 U.S.C. § 1125(a) ...........................................................................................................2

**Rules**

Cal. Bus. & Prof. Code § 17200 ..........................................................................1, 3, 10

Cal. Civ. Code § 1709 ..................................................................................................1, 3

Cal. Civ. Code § 1710 ..................................................................................................1, 3

Fed. R. Civ. Proc. 15(a) ..................................................................................................10

Fed. R. Civ. Proc. 15(a)(2) ...............................................................................................4

Fed. R. Civ. Proc. 18(a) ..................................................................................................10

## I. INTRODUCTION

Plaintiff Vlad Zamfir ("Zamfir") requests leave of the Court to file its Second Amended Complaint. The Second Amended Complaint amends the dismissed claims (i.e., Counts 1, 4, 5, and 6), which the Court has already granted leave to amend. Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 50 at 13). Accordingly, the Second Amended Complaint: (i) amends Counts 5 and 6 so as to specify that U.S. Trademark Registration Nos. 6202402 and 6131157 should be cancelled because the CASPER marks are likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1052(d); and (ii) asserts additional factual allegations in support of Counts 1 and 4 to clarify the specific harm that Zamfir has suffered as a result of CasperLabs' misconduct.

Plaintiff now seeks leave to add two new causes of action related to the trademark claims the Court allowed to stand, including new Count 7 for fraud by intentional misrepresentation under Cal. Civ. Code §§ 1709, 1710 based upon written assurances from Defendant that it would register the CASPER mark for Plaintiff when it instead registered and used the mark in its own name, and new Count 8 for unlawful and unfair business practices and false advertising under Cal. Bus. & Prof. Code § 17200, *et seq*, which track Plaintiff's trademark claims that remain in the case. While the Court's ruling permitting amendment is likely broad enough to cover new Counts 7 and 8 (*see, e.g., Gilmore v. Union Pacific R. Co.*, No. 09-cv-02180, 2010 WL 2089346, at *4 (E.D. Cal. May 21, 2010); *Topadzhikyan v. Glendale Police Dep't*, No. CIV 10-387, 2010 WL 2740163 (C.D. Cal. July 8, 2010)), in an abundance of caution, Zamfir brings this motion for leave to amend because Defendant was not willing to consent to the addition of the two new claims.

Absent compelling reasons to the contrary, there is a strong policy in favor of liberally granting leave to amend. As set forth below, Zamfir brings this motion in

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
**Case No. 3:21-cv-00474-TWR-AHG**

good faith and without an ill-motive or intent. In light of the multiple extensions of time afforded to CasperLabs in responding to the original Complaint and First Amended Complaint, and the Court's subsequent ruling on CasperLabs' Motion to Dismiss, there is no undue delay present to justify denial of Zamfir's motion. Likewise, the balance of interest tips sharply in favor of granting Zamfir the leave requested because CasperLabs would suffer little, if any, prejudice if Zamfir obtains leave to amend, the proposed amendments set forth legally sufficient claims, and Zamfir has only previously amended once as of right. Most notably, the parties have not conducted discovery so CasperLabs is not and will not be prejudiced in evaluating or litigating new claims. In furtherance of the public policy of liberality in amendments, and to promote judicial economy and the speedy resolution of related claims on the merits in a single action, the Court should grant Zamfir's Motion for Leave to File a Second Amended Complaint as set forth herein.

## II.   STATEMENT OF FACTS

On March 17, 2021, Zamfir commenced this action by filing his Complaint for Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for False Designation of Origin. (ECF No. 1). On April 5, 2021, CasperLabs filed an unopposed motion for an extension of time to respond to Zamfir's Complaint. (ECF No. 30). In accordance with the Court's order granting the extension of time, CasperLabs filed its Motion to Dismiss Plaintiff's Complaint on May 10, 2021. (ECF No. 32).

On June 1, 2021, Zamfir filed his First Amended Complaint ("FAC") for Trademark Infringement, False Designation of Origin, Unfair Competition, and Trademark Cancellation. (ECF No. 34). On June 10, 2021, CasperLabs filed an unopposed motion for an extension of time to respond to the FAC. (ECF No. 35).

2

1  The Court granted the extension of time (ECF No. 36), and CasperLabs filed its
2  Motion to Dismiss Plaintiff's FAC on July 15, 2021. (ECF No. 37).
3  Zamfir filed its Opposition to CasperLabs' Motion to Dismiss on September
4  16, 2021 (ECF No. 46), and CasperLabs submitted its Reply on September 29, 2021.
5  (ECF No. 47). A hearing on the Motion to Dismiss was held on October 13, 2021.
6  (ECF No. 48).
7  On February 15, 2022, the Court issued an order: (1) Denying CasperLabs'
8  motion to dismiss the trademark infringement claims of Counts 2 and 3; (2) Granting
9  CasperLabs' motion to dismiss Zamfir's remaining claims (Counts 1 and 4 for false
10 association and unfair competition, and Counts 5 and 6 for cancellation of
11 CasperLabs' registered trademarks for CASPER). (ECF No. 50). The Court also
12 stated that Zamfir may file an amended complaint curing the identified deficiencies.
13 (*Id*. at 13).
14 Zamfir's proposed Second Amended Complaint seeks to amend the claims in
15 two material respects: (1) to clarify and streamline Zamfir's pleading to comport with
16 the Court's ruling on CasperLabs' motion to dismiss (ECF No. 50); and (2) to add
17 new Count 7 for fraud by intentional misrepresentation under Cal. Civ. Code §§
18 1709, 1710 and new Count 8 for unlawful and unfair business practices and false
19 advertising under Cal. Bus. & Prof. Code § 17200, *et seq*. For the reasons set forth
20 below, Zamfir respectfully requests that the Court grant Zamfir leave to file its
21 Second Amended Complaint.

## III. DISCUSSION

### A. Legal Standards for Motions to Amend Under Rule 15(a)

24 The legal standards governing motions to amend pleadings under Rule 15 are
25 well-established. Leave to amend rests in the sound discretion of the trial court and
26 will be reversed only for abuse of discretion. *Swanson v. United States Forest Serv.*,

3

87 F.3d 339, 343 (9th Cir. 1996). Requests for leave to amend a pleading prior to trial are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). In reviewing a motion for leave to amend, "the court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F. 3d 708, 712 (9th Cir. 2001); *accord Moss v. United States Secret Serv.*, 572 F. 3d 962, 972 (9th Cir. 2009) ("requests for leave should be granted with 'extreme liberality'").

The Ninth Circuit recognizes that "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F. 3d 1147, 1154 (9th Cir. 2014); *Johnson v. Buckley*, 356 F. 3d 1067, 1077 (9th Cir. 2004). However, these factors are neither exclusive nor accorded equal weight. *Saes Getters S.P.A. v. Aironex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). As the Central District of California explains:

> . . . factors that can weigh in favor of allowing amendment include: (a) avoiding piecemeal litigation and conserving the Court's and the parties' resources by resolving related matters in one proceeding, and (b) avoiding harm to the plaintiff that would be caused by denying leave to amend. Factors that could support denial of leave to amend include: (a) prejudice to the defendant (the most important single factor), (b) bad-faith motive on the part of the plaintiff (for example, use of the motion to postpone the trial date, impose additional expense on the opposing party, or gain additional leverage in settlement negotiations), (c) undue delay or dilatory conduct by the plaintiff, (d) futility of the proposed amendment, and (e) impact on judicial economy, judicial resources and the Court's ability to manage cases and control its dockets.

4

*Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1113 (C.D. Cal. 2002).

As the Supreme Court explained in *Foman v. Davis*:

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, under the liberal standards governing amendments pursuant to Federal Rule of Civil Procedure 15(a), Zamfir should be afforded an opportunity to assert related claims for fraudulent misrepresentation and unlawful and unfair business practices and false advertising based on the same nucleus of facts. Likewise, in the absence of any apparent reason for denying leave to amend and in the interests of judicial economy, Zamfir should be permitted to simplify and streamline its pleading to comport with the Court's ruling on CasperLabs' Motion to Dismiss.

**B.     The Balance of Interests Weighs in Favor of Granting Leave to Amend**

Ultimately, "[a]nalysis of a motion to amend under Rule 15(a) essentially consists of a balancing test in which factors for and against the requested amendment are weighed." *Millar*, 236 F. Supp. 2d at 1113. "[T]hese factors are not to be understood rigidly or applied mechanically; courts are instead counselled to 'examine each case on its facts' and gauge the propriety of granting leave to amend accordingly." *Saes*, 219 F. Supp. at 1086. In doing so, however, "[t]hese factors are to be applied with a view toward 'the strong policy in favor of allowing amendment.'" *Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640,

5

643 (C. D. Cal. 1997). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F. 2d 1187, 1190-91 (9th Cir. 1973). On balance here, the factors that support affording Zamfir leave to amend the allegations and claims vastly outweigh those in favor of denying leave to file his proposed Second Amended Complaint.

### *1. Zamfir Seeks Leave to Amend in Good Faith*

Zamfir has no interest in postponing the progression of this litigation, imposing additional expense on CasperLabs, or gaining additional leverage in settlement negotiations by its proposed amendment. *See Millar*, 236 F. Supp. 2d at 1113. To the contrary, Zamfir wishes to see this litigation move forward as expeditiously as possible. Zamfir's motives in seeking leave to amend are purely to clarify the existing causes of action in this case and to streamline the resolution of the existing claims and those additional related claims, so that they may be addressed on the merits in a single action.

In addition, Zamfir's counsel contacted CasperLabs' counsel prior to bringing the motion to inform CasperLabs of Zamfir's intent to seek leave to amend and to meet and confer with CasperLabs' counsel in an effort to obtain CasperLabs' consent to the proposed amendment. While not *required* under Rule 15, this Court has found that a party's efforts to notify the opposing party of an intended amendment and to meet and confer may reflect on the moving party's good faith in bringing a motion to amend. *See Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S. D. Cal. 2012) (J. Huff presiding).

Finally, as discovery has not even begun– with virtually no scheduling order in place, no initial disclosures, and no discovery requests exchanged– as well as Zamfir's efforts to meet and confer with CasperLabs to avoid the expense of this

6

motion, Zamfir cannot be said to be motivated by any intent to impose additional expenses on CasperLabs. Simply put, Zamfir brings this motion for leave to amend in the utmost good faith.

### 2. There is No Undue Delay to Warrant Denial of Leave to Amend

A District Court may deny leave to amend "if permitting an amendment would . . . produce an undue delay in the litigation." *Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1387 (9th Cir. 1990); *see Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 982 (9th Cir. 2016) ("Leave need not be grated, however, where the amendment of the complaint would . . . create undue delay."). As the Ninth Circuit has explained, however, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F. 2d 977, 980 (9th Cir. 1989). To justify denial of leave to amend, delay must be *undue*. *See Texaco, Inc. v. Ponsoldt*, 939 F. 2d 794, 798 (9th Cir. 1991) ("Undue delay is a valid reason for denying leave to amend."); *see also Mayeaux v. Louisiana Health Care Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.").

Critically, even *undue* delay is insufficient by itself to warrant denying a party leave to amend. *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 649 (W. D. Wash. 2015). As the Ninth Circuit explained:

> Undue delay by itself, however, is insufficient to justify denying a motion to amend. We have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.

*Bowles v. Reade*, 198 F. 3d 752, 758 (9th Cir. 1999); citing *DCD Programs, Ltd. v. Leighton*, 833 F. 2d 183, 186-87 (9th Cir. 1987); *see also Tracht Gut, LLC v. L.A.*

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
**Case No. 3:21-cv-00474-TWR-AHG**

*Cnty. Treasurer & Tax Collector*, 836 F. 3d 1146, 1155 n.4 (9th Cir. 2016) ("undue delay alone cannot serve as the basis for the denial of leave to amend").

Given the absence of undue delay, Zamfir respectfully requests that the Court grant Zamfir leave to file its Second Amended Complaint.

### 3. CasperLabs Will Suffer No Prejudice by Zamfir Filing its Second Amended Complaint

The most important and common reason for denying leave to amend is undue prejudice to the party opposing the amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a)" (internal quotes omitted)). To warrant denial of leave to amend, prejudice must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Some courts presume prejudice where leave to amend is sought later in litigation. *Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (motion to amend "on the eve of the discovery deadline" properly denied because amendment would have required reopening discovery and further delaying proceedings); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."). While additional litigation expenses caused by a proposed amendment may be substantially prejudicial, litigation expenses incurred prior to amendment do not establish prejudice unless moving party acted in bad faith by delaying amendment to force the nonmoving party to incur unnecessary expense. *Owens*, 244 F.3d at 712.

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F. 2d at 187. To meet its burden, "[t]he non-moving party must do more than merely assert prejudice; 'it must show that it was unfairly

8

disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Wizards of the Coast*, 309 F.R.D. at 652; quoting *Bechtel v. Robinson*, 886 F. 2d 644, 652 (3d Cir. 1989). Here, Zamfir's proposed amendments present no such disadvantage to CasperLabs. Zamfir does not seek leave "on the eve of the discovery deadline," let alone after discovery has closed. Although the proposed amendment will result in additional discovery, no relevant deadlines will have to be continued, discovery is in its early stages, and the amendment will not delay the proceedings given that no discovery deadlines or trial date have been set. CasperLabs would not be deprived of any opportunity to develop facts or evidence through discovery or to present evidence at trial if the Court grants Zamfir leave to amend. Defendant will have ample time to conduct discovery.

Accordingly, any prejudice to CasperLabs resulting from Zamfir's proposed amendments—the single most important factor to be weighed on a motion for leave to amend—would not rise to the level of "substantial" or "undue" as is required to warrant denial of Zamfir's motion.

In contrast, Zamfir would suffer substantial prejudice if leave to amend were denied. Factors weighing in favor of amendment include: "(a) avoiding piecemeal litigation and conserving the Court's and the parties' resources by resolving related matters in one proceeding, and (b) avoiding harm to the plaintiff that would be caused by denying leave to amend." *Millar, supra*, 236 F. Supp. 2d at 1113. Here, if Zamfir were foreclosed from asserting its fraud claims against CasperLabs in this action, Zamfir would be forced to bring such claim in an entirely separate lawsuit. That is precisely the type of piecemeal litigation that would require the parties and the Court to expend unnecessary resources resolving related matters in more than one proceeding. As such, denying Zamfir leave to amend would only frustrate the liberal

9

1  pleading and joinder standards that are hallmarks of the Federal Rules of Civil
2  Procedure.  *See* Fed. R. Civ. Proc. 15(a) and Fed. R. Civ. Proc. 18(a).  The substantial
3  additional time, expense and delay of pursuing Zamfir's fraud claims in a separate
4  action while simultaneously litigating with CasperLabs in the instant action would
5  cause Zamfir significant financial harm while unnecessarily wasting both the parties'
6  and the Court's limited resources.  Because CasperLabs would suffer little, if any,
7  prejudice as a result of Zamfir's proposed Second Amended Complaint, and because
8  Zamfir would suffer substantial prejudice if the Court denies Zamfir's motion, the
9  factor of undue prejudice tips heavily in favor of granting Zamfir leave to amend.
10 This factor therefore weighs in favor of granting leave to amend.

### 4. *Zamfir's Propose Amendment is Not Futile*

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F. 3d 1046, 1059 (9th Cir. 2018).  However, "leave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim. . .'" *Barahona v. Union Pac. R.R.*, 881 F. 3d 1122, 1134 (9th Cir. 2018); quoting *Sweaney v. Ada County*, 119 F. 3d 1385, 1393 (9th Cir. 1997).

Accepting the allegations in Zamfir's proposed Second Amended Complaint as true, with regard to the harm suffered by Zamfir as a result of CasperLabs' actions, the amended Counts 1 and 4 state a legally sufficient claim that would not be vulnerable to dismissal under Rule 12. Zamfir's additional Count 8 for unlawful and unfair business practices and false advertising under Cal. Bus. & Prof. Code § 17200, *et seq*, stems from the same conduct as Zamfir's previously allowed trademark claims.  Accordingly, there is no basis to deny Zamfir leave to file its proposed Second Amended Complaint based on futility.  *See Adorno v. Crowley Towing &*

10

*Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) (futility properly assessed under standards governing motions to dismiss Rule 12(b)(6)).

Further, Zamfir's amendment to add a new claim for intentional misrepresentation is not futile. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 89 (N.D.Cal.1978). Here, Zamfir is alleging a set of facts, namely CasperLabs' written representations that it would secure a trademark for Zamfir, Zamfir's reasonable reliance on these material representations, a subsequent harm that occurred, and Zamfir's ultimate deprivation of trademark rights due to CasperLabs' misrepresentation. These facts constitute a valid and cognizable claim.

### 5.   *No Prior Amendment by Zamfir Justifies Denial of Leave to Amend*

The final factor considered on a motion for leave to amend is whether and the extent to which the moving party has previously amended the pleading.  In particular, "[l]eave to amend may [] be denied for repeated failure to cure deficiencies by previous amendments." *Abagninin v. AMVAC Chem. Corp.*, 545 F. 3d 733, 742 (9th Cir. 2008); *Foman*, 371 U.S. at 182.  That is not the case here.

Although Zamfir has previously amended the Complaint, once, as a matter of right, it was to present additional facts and allegations that had not been known at the time of filing of the original Complaint, and not an attempt to cure any alleged deficiencies.

Here, as this Court has already permitted Zamfir to file an amended complaint to cure the deficiencies identified in the Court's February 15th Order, and as this is Zamfir's first *request* to the Court to amend the pleading to include

11

additional factual allegations and causes of actions not previously known/available, the Court should freely grant Zamfir leave to amend.

### C. The Proposed Second Amended Complaint Promotes Judicial Economy

In addition to the factors of motive, delay, futility, and prejudice, "a court may consider judicial economy and whether amendment would lead to expeditious disposition of litigation on merits." *Horowitz v. Stewart Title Guar. Co.*, No. 16-00666 LEK-KJM, 2018 U.S. Dist. LEXIS 218101, *13 (D. Haw., May 3, 2018); *see Millar*, 236 F. Supp. 2d at 1113 (including "the impact on judicial economy" among factors considered in reviewing request for leave to amend). While considerations of judicial economy may "temper the rule favoring freely granting leave to amend" (*see Horowitz*, 2018 U.S. Dist. LEXIS 218101 at * 13-14), the interest of judicial economy is best served in this action by affording Zamfir's leave to file its Second Amended Complaint.

Zamfir's proposed amendments, particularly the addition of Counts 7 and 8, would alleviate the burden on the Courts that would arise if Zamfir were forced to pursue the fraud claims in a separate action. The Second Amended Complaint would also serve to streamline and clarify the pleadings in accordance with the Court's order on CasperLabs' motion to dismiss for the benefit of the parties, the Court and the jury as the ultimate trier of fact. As a result, granting Zamfir's motion for leave to amend would further the public policy of judicial economy and promote the overall efficiency of resolving all related claims between the parties on the merits in one proceeding.

### IV. CONCLUSION

On balance, the interests in favor of granting Zamfir leave to files its proposed Second Amended Complaint substantially outweighs the potential prejudice

12

CasperLabs might suffer, if any, as a result of the proposed amendments. Zamfir has brought this motion in good faith and without any undue delay that could justify denial of the motion. Because the proposed amendments are neither futile nor detrimental to the efficiency and economy of this action, the Court should grant leave to amend with extreme liberality in this case.

For all of the foregoing reasons, Zamfir respectfully requests that the Court grant Zamfir's motion for leave to amend and permit Zamfir to immediately file his proposed Second Amended Complaint.

Dated: March 8, 2022     By: */s/ Christopher Ott*
Christopher Ott (CA Bar No. 235659)
16501 Los Barbos
Rancho Santa Fe, CA 592067
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, NW; Suite 800
Washington, DC  20005
202-783-6040

Jennifer A. Golinveaux (SBN 203056)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:     (415) 591-1000

*Attorneys for Plaintiff Vlad Zamfir*

13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
**Case No. 3:21-cv-00474-TWR-AHG**