DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
DAVID MARROSO (S.B. # 211655)
dmarroso@omm.com
VISION WINTER (S.B. # 234172)
vwinter@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

GINA DURHAM (S.B. #295910)
gina.durham@dlapiper.com
MICHAEL FLUHR (S.B. #277372)
michael.fluhr@dlapiper.com
DLA PIPER LLP
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Telephone:   (415) 836-2500
Facsimile:    (415) 836-2501

*Attorneys for Defendant CasperLabs, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAD ZAMFIR,<br><br>           Plaintiff,<br><br>     v.<br><br>CASPERLABS, LLC,<br><br>           Defendant. | Case No. 3:21-cv-474-TWR-AHG<br><br>**CASPERLABS' OPPOSITION TO ZAMFIR'S MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>Complaint filed:  March 17, 2021<br><br>Hearing Date:  May 5, 2022<br>Hearing Time:  1:30 p.m.<br><br>Judge:  Hon. Todd W. Robinson<br>Courtroom:  3A |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND ..............................................................................2

    A. Zamfir Sues CasperLabs Days Before Its Blockchain Launch. ...........2

    B. Zamfir Persisted, Filing a Separate Lawsuit That Was Promptly Dismissed. ...............................................................................................3

    C. CasperLabs Prevails on Portions of Its Motion to Dismiss. .................4

    D. Zamfir Adds Fraud Claim. .....................................................................4

III. THE COURT SHOULD DENY ZAMFIR'S MOTION FOR LEAVE TO AMEND ..........................................................................................................4

    A. Zamfir Offers No Excuse for His Undue Delay in Bringing the New Claims. ............................................................................................5

    B. The Court Should Deny Leave to Amend Because of Zamfir's Bad-Faith Motives and Potential Prejudice to CasperLabs. .................7

    C. Zamfir's Prior Amendment Justifies Denial of Leave to Amend. ......10

IV. CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990) ................................................................... 5, 10

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) ........................................................................ 6

*Coordination Technology Ltd. v. CasperLabs LLC et. al*
(3:21-cv-01295-TWR-AHG) ..................................................................... 3, 8

*Foman v. Davis*,
371 U.S. 178 (1962) ....................................................................................... 5

*Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*,
980 F. Supp. 2d 1160 (E.D. Cal. 2013) ........................................................ 8

*Griggs v. Pace American Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) ........................................................................ 8

*In re W. States Wholesale Natural Gas Antitrust Litig.*,
715 F.3d 716 (9th Cir. 2013) ........................................................................ 4

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) ............................................................ 1, 4, 5

*Kaplan v. Rose*,
49 F.3d 1363 (9th Cir. 1994), *overruled on other grounds in*, 856
F.3d 605 (9th Cir. 2017) ................................................................................ 5

*Leitner v. Sadhana Temple of N.Y., Inc.*,
2014 WL 12591666 (C.D. Cal. May 8, 2014) ............................................. 8

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990) .................................................................. 7, 9

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ........................................................................ 9

*Rich v. Schrader*,
823 F.3d 1205 (9th Cir. 2016) ............................................................... 6, 10

*S. California Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*,
2012 WL 273140 (S.D. Cal. Jan. 30, 2012) .............................................. 6, 9

*SAES Getters S.p.A. v. Aeronex, Inc.*,
219 F. Supp. 2d 1081 (S.D. Cal. 2002) ........................................................ 5

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) ..................................................................... 10

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Texaco, Inc. v. Ponsoldt*,
 939 F.2d 794 (9th Cir. 1991) .................................................................................. 5

*Zamfir v. CasperLabs, LLC*,
 No. 21-474, 2021 WL 1164985 (S.D. Cal. Mar. 26, 2021) .................................. 3

**Other Authorities**

Phillips & Stevenson, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, CALIFORNIA & NINTH CIRCUIT EDITION (2021) ....................................................................................................... 5, 8

## I. INTRODUCTION

For more than a year, Plaintiff Vlad Zamfir has used litigation to harass Defendant CasperLabs, LLC. The new, late-coming claims in his proposed Second Amended Complaint ("SAC") are just the latest step in that campaign, and the Court should decline to hear them.

Though the claims are new, the facts behind them are not—they have been known to Zamfir since before he first sued CasperLabs. Yet Zamfir makes no attempt to explain why he did not raise these claims either in his initial complaint or in his First Amended Complaint ("FAC"). That unexplained delay is reason enough to reject Zamfir's motion for leave to amend. Zamfir has already amended his complaint once; if he squandered that opportunity by failing to add these claims, the Court need not give him another chance. The Ninth Circuit and this District have repeatedly rejected proposed amendments as untimely when they were sought long after the facts supporting those amendments were known by the movants. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Zamfir does have a reason for bringing these claims now instead of a year ago—just not a reason he cares to share with the Court: he brings them now because he wants to continue his campaign of harassment. This is what he has done from the start. First, Zamfir sandbagged CasperLabs, initiating this litigation to try to block CasperLabs from using the "Casper" name just *six days* before the launch of the company's Casper Network blockchain. By the time he filed this litigation, Zamfir had known for at least seven months that CasperLabs intended to use the Casper trademarked name and the Court noted Zamfir's delay in denying his request for a preliminary injunction. Zamfir's initial complaint did not include trademark claims, likely because he knew he never used the name "Casper" in commerce. Nevertheless, Zamfir then amended his initial complaint by adding trademark claims and stretching his allegations regarding use of the Casper name to try and survive a motion to dismiss. Next, he filed a derivative lawsuit filled with

1 inflammatory allegations that was so facially improper that the Court ordered an
2 OSC why it should not be dismissed.  Zamfir dismissed it before CasperLabs could
3 file a response.  And now Zamfir brings these new, inflammatory claims based on
4 old facts.  Just as the Court need not waste its time on claims that should have been
5 brought earlier, it should not dignify claims that, like these, are part of this pattern
6 of harassment.

7 Other factors also compel denial of the motion.  The fraud claim would
8 expand the scope of the litigation and prejudice CasperLabs.  Adding these claims
9 will transform this from an IP matter to a fraud matter.  The fraud allegations will
10 likely require discovery of the CasperLabs directors and officers referenced in the
11 allegations of the SAC, many of whom have foreign domiciles.  This will
12 significantly increase litigation expenses and fundamentally alter the nature of the
13 case.

14 For all of these reasons, the Court should deny Zamfir's Motion to Amend.

## II. FACTUAL BACKGROUND

This is a dispute over CasperLabs' right to use the name "Casper" to describe its blockchain and token.  The dispute stems from the parties' collaboration on research and development for a new blockchain protocol referred to as "Casper."  By August 2020, CasperLabs had started using the name "Casper" to describe its blockchain and token, which CasperLabs anticipated launching on March 23, 2021.  SAC ¶ 53.  That day, Casper Association began selling the associated blockchain token called CSPR, an abbreviation of Casper.  *Id.* ¶ 81.  On March 31, 2021, independent validators all over the globe launched the Casper Network blockchain, which has been operating for over a year.  *Id.*

### A. Zamfir Sues CasperLabs Days Before Its Blockchain Launch.

On March 17, 2021, six days before the planned public sale of CSPR tokens, Zamfir filed this lawsuit against CasperLabs.  Compl., ECF Docket #1.  The Complaint initially included claims for false designation of origin under Lanham

1  Act section 43(a) and unfair competition under California common law. *Id.*

2  The same day, Zamfir filed a motion for a TRO and preliminary injunction seeking to enjoin CasperLabs from using its CASPER mark. ECF Docket #2. On March 26, 2021, Judge Gonzalo Curiel denied Zamfir's motion, holding that Zamfir had not shown his claims were likely to succeed. ECF Docket #27; *Zamfir v. CasperLabs, LLC*, No. 21-474, 2021 WL 1164985 (S.D. Cal. Mar. 26, 2021). Judge Curiel also held that Zamfir had not shown imminent harm and criticized Zamfir's "unreasonable" delay in ambushing CasperLabs with the motion right before the CSPR sale. *Id.* Judge Curiel opined that CasperLabs' use of its own trademark was "unlikely to be found a false designation of origin." *Id.* at *8.

CasperLabs moved to dismiss. Before the Court could rule on that motion, Zamfir filed a First Amended Complaint. Zamfir again asserted claims for false association under the Lanham Act and for unfair competition. FAC ¶¶83-90, 104-07. He also claimed—for the first time—that he used the name "Casper" in commerce and thus owns a trademark in it, and he added claims against CasperLabs for trademark infringement under state and federal law. FAC ¶¶91-103. He also sought cancellation of CasperLabs' trademark registrations under Lanham Act section 2(a). *Id.* ¶¶108-21. Zamfir did not explain why he did not include these standard trademark claims in his original complaint.

### B. Zamfir Persisted, Filing a Separate Lawsuit That Was Promptly Dismissed.

Unsatisfied with the progress of these proceedings, and with a motion to dismiss on the horizon, Zamfir turned to a new tactic: concocting far-fetched derivative-liability claims against CasperLabs and its directors and officers in an effort to pressure CasperLabs to acquiesce to his demands. In July 2021, through his company, Coordination Technology Ltd. ("CoorTech"), Zamfir filed what purported to be a derivative lawsuit against CasperLabs and its directors and officers. *See Coordination Technology Ltd. v. CasperLabs LLC* et. al (3:21-cv-

01295-TWR-AHG). This complaint was facially deficient and lacked subject-matter jurisdiction. Shortly after Zamfir's counsel filed that lawsuit, United States District Court Judge Burns ordered CoorTech to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. *See* ECF Docket #3. CoorTech dismissed the claims without even trying to defend how the Court had subject matter jurisdiction. ECF Docket #6.

### C. CasperLabs Prevails on Portions of Its Motion to Dismiss.

On July 15, 2021, CasperLabs moved to dismiss the FAC. ECF Docket #37. On February 15, 2022, this Court granted in part and denied in part CasperLabs' motion, dismissing without prejudice all but Zamfir's trademark-infringement claims. ECF Docket #50. The Court granted leave to file "an amended complaint curing the above-identified deficiencies." *Id*. The Court's order did not permit the filing of new claims.

### D. Zamfir Adds Fraud Claim.

On March 8, 2022, Zamfir filed a Second Amended Complaint asserting the same six causes of action as his FAC. ECF Docket #56. But although the Court granted leave only to cure the "above-identified deficiencies," Zamfir used the SAC to improperly assert two entirely new claims: fraud by intentional misrepresentation under Cal. Civ. Code §§ 1709, 1710 and unlawful and unfair business practices and false advertising under Cal. Bus. & Prof. Code § 17200. *Id.*

## III. THE COURT SHOULD DENY ZAMFIR'S MOTION FOR LEAVE TO AMEND

The Court should deny Zamfir's motion for leave to add these late-coming, unfounded claims. While leave to amend is generally freely given, "it is not to be granted automatically." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Courts in the Ninth Circuit consider the following factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* (emphasis added) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *see also Foman*, 371 U.S. at 182. ***All five*** of those factors argue against granting leave to amend.[1]

### A. Zamfir Offers No Excuse for His Undue Delay in Bringing the New Claims.

For more than a year, Zamfir knew about the facts underlying his late-coming claims, yet he neither raised those claims in his two previous complaints nor explains now why he did not do so. His long and unexplained delay in raising these claims is reason enough to reject them. The law is clear: When a plaintiff obtains evidence that forms the basis for amending but then sits on the amendment for months or years, courts deny leave to amend.

Under the undue-delay analysis, courts consider whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *Jackson*, 902 F.2d at 1388. In *Jackson*, the court found that an eight-month delay was unreasonable, and other courts have found delays of months or even years to be likewise unreasonable. *See also Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."), *overruled on other grounds in*, 856 F.3d 605 (9th Cir. 2017)*Texaco, Inc. v. Ponsoldt*, 939 F.2d 794,

---

[1] CasperLabs does not address futility in this opposition brief on the basis that those arguments are best heard in the context of a fully-briefed motion to dismiss. *See* Phillips & Stevenson, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIALTRIAL, CALIFORNIA & NINTH CIRCUIT EDITION § 8:1514 (2021) ("Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend. (Challenges to the pleading are usually deferred until after leave to amend is granted and the amended pleading filed.)" (citing *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)).).

798-99 (9th Cir. 1991) (affirming denial of leave to amend where movant had knowledge of underlying facts a year before seeking leave to amend); *Rich v. Schrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (affirming denial of leave to amend where movant knew "all of the underlying facts and theories he now wishes to allege since the commencement of the litigation" nearly five years prior); *S. California Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2012 WL 273140, at *1 (S.D. Cal. Jan. 30, 2012) (denying leave to amend where movant should have known relevant facts at the time of his original complaint and explaining "ignorance of the law is an unsatisfactory excuse for excessive delay.").

In *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953-54 (9th Cir. 2006), the Ninth Circuit affirmed the district court's denial of leave to amend where 15 months had passed between the time the movant first discovered facts underlying its new theory and the motion for leave to amend. Even though eight months of discovery remained, "requiring the parties to scramble" to evaluate the new theory "would have unfairly imposed potentially high, additional litigation costs … that could have easily been avoided had [movant] pursued its [new] theory in its original complaint." *Id.* at 953.

Measured by these standards, the Court should reject Zamfir's Motion to Amend. Zamfir has known for over a year—and in one instance **nearly two years**—of the information that forms the basis of his proposed amendment, but he did nothing until now and cannot explain that inaction. Zamfir alleged in his original complaint, on **March 17, 2021**, that "[d]uring the summer of 2019, Mr. Zamfir had several discussions with CasperLabs concerning its use and registration of the CASPER mark," and that "CasperLabs and Mr. Zamfir decided to seek federal trademark registration on Mr. Zamfir's behalf and assign that registration (or registrations) to Mr. Zamfir's company CoorTech." Compl. ECF Docket #1 at 47-48. In fact, Zamfir rests his entire fraud theory on a representation that he presented to the court in a document he filed on **March 22, 2021**. *See* ECF

Docket #23 at 2. In that document, which was presented to Judge Curiel at the hearing on Zamfir's unsuccessful motion for a temporary restraining order, Zamfir extracted the very communications he now includes at ¶ 61 of the proposed SAC as the sole basis for his unfounded fraud claim. *See* SAC at ¶¶ 132-144. And Zamfir or his agents had possession of those communications since they were made in **July 2019**—20 months before Zamfir filed his original complaint. Zamfir also admits that he became aware of CasperLabs' registration of the CASPER mark on **January 25, 2021**. *Id.* at ¶ 69. So by January 25, 2021, at the latest, Zamfir knew all of the facts he uses to support his fraud claim, yet he did not raise a fraud claim in his initial complaint, filed seven weeks later. And Zamfir still knew all of these facts in June 2021, when he filed his amended complaint, yet he did not raise his fraud claim then, either. *See* ECF Docket #34 (Zamfir's First Amended Complaint, filed on June 1, 2021). Similarly, Zamfir's § 17200 claim is based on the same facts as the false-designation claim that was included in the original Complaint.

Zamfir has known of all the facts underlying his proposed fraud and § 17200 claims at least since the start of this litigation, yet he waited more than a year to assert these claims.[2] This factor weighs in favor of denying leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant.").

B. **The Court Should Deny Leave to Amend Because of Zamfir's Bad-Faith Motives and Potential Prejudice to CasperLabs.**

Zamfir hopes to amend his pleadings now to further harass CasperLabs and its directors and officers. Because Zamfir is acting in bad faith, the Court should

---

[2] With respect to undue delay, all Plaintiff states in his motion to amend is that, "Given the absence of undue delay, Zamfir respectfully requests that the Court grant Zamfir leave to file its Second Amended Complaint." ECF Docket #53 at 8. The record demonstrates otherwise, as set forth above. Moreover, Plaintiff's boilerplate statement makes no effort to establish when he came across the information underlying his amendment, or to establish why he could not have made the proposed amendments at an earlier time.

reject his motion for leave to amend.

A movant acts in bad faith when it seeks to amend pleadings solely for a "wrongful motive, such as unnecessary delay or harassment." *Leitner v. Sadhana Temple of N.Y., Inc.*, 2014 WL 12591666, at *6 (C.D. Cal. May 8, 2014); *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (party acts in bad faith when it is merely seeking to prolong the litigation by adding baseless legal theories); see also Phillips & Stevenson, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, CALIFORNIA & NINTH CIRCUIT EDITION § 8:1513 (2021) (leave to amend may be denied if the court determines the amendment is interposed solely for delay). "[O]ccasionally, delay in itself may be evidence of bad faith sufficient to justify denial of leave to amend." *Leitner*, 2014 WL 12591666, at *6 (citation omitted). Amendments made in bad faith also included those where, as here, "a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178–79 (E.D. Cal. 2013).

This matter has already been pending for over 12 months, and CasperLabs has already filed *two* 12(b)(6) motions—the first prompted Zamfir to amend of his own accord; the second was granted in part by this Court. And as this case progressed, Zamfir filed derivative claims against CasperLabs and its directors and officers—claims that Zamfir voluntarily dismissed because he knew he could not show cause. *See Coordination Technology Ltd. v. CasperLabs LLC* et. al (3:21-cv-01295-TWR-AHG). Zamfir's shifting claims, his facially frivolous derivative suit, and his new claims based on old information demonstrate that Zamfir wants to harass and burden CasperLabs. This is precisely the kind of conduct that courts have found constitutes bad faith. *See, e.g., Fresno Unified Sch. Dist.*, 980 F. Supp. 2d 1160.

Granting Zamfir leave to bring these late-coming claims would also prejudice

CasperLabs. Zamfir argues to the contrary, noting that the parties have not commenced discovery and claiming that the amendment therefore has little effect on CasperLabs' preparation for the case. ECF Docket #53 at 6, 8, 9. But Zamfir's proposed amendment threatens to further delay proceedings that, because of Zamfir's desperate attempt to conjure a viable legal theory, have already been pending for over a year.

CasperLabs will be prejudiced both by further delay and by the additional litigation costs it will incur in addressing new claims in a *third* 12(b)(6) motion and defending a substantially different type of claim. In *Morongo Band of Mission Indians v. Rose*, the Ninth Circuit affirmed denial of a motion for leave to amend where the moving party sought to add RICO claims two years after filing the initial complaint, where the addition of the RICO claims "would have greatly altered the nature of the ligation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." 893 F.2d 1074, 1079 (9th Cir. 1990) ("In light of the radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay, we conclude that the district court did not clearly abuse its discretion in denying leave to amend."); *see also S. California Stroke Rehab. Assocs., Inc.*, 2012 WL 273140, at *1 (S.D. Cal. Jan. 30, 2012) (finding prejudice where "the additional claim [would] expand the scope of litigation" and "necessitate the determination of additional elements"); *cf. Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (affirming grant of leave to amend where the "amendment caused no delay in the proceedings and required no additional discovery" but would "require Appellants to incur substantial additional litigation expenses.") (citations omitted). Notably, in *Morongo Band of Indians*, the parties had not yet moved past the motion to dismiss stage when the district court denied plaintiff's motion for leave to amend. 893 F.2d at 1076. Here, as in *Morongo Band of Indians*, the fraud claims substantially alter the nature of the proceedings. The allegations of fraud will require discovery of the CasperLabs

directors and officers referenced in the allegations of the proposed SAC, many of whom have foreign domiciles. This will cause CasperLabs to incur substantial additional litigation expense and further tarnish CasperLabs' business and reputation.

### C. Zamfir's Prior Amendment Justifies Denial of Leave to Amend.

Zamfir could have raised these new claims in his original complaint, but he did not. He could have raised them in his First Amended Complaint, but he did not. And he did not despite knowing all of the facts underlying these claims. That Zamfir had, and squandered, an opportunity to raise these claims argues against granting him yet another chance to amend. *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "the district court denied leave to amend because 'Plaintiffs have had ample opportunity to properly plead a case and have failed to do so.'"). "[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed." *Rich*, 823 F.3d at 1209 (internal quotations omitted); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

### IV. CONCLUSION

Based on Zamfir's unreasonable delay, apparent bad faith motives, and prejudice to CasperLabs, CasperLabs respectfully asks the Court to deny Zamfir's Motion for Leave to Amend.

Dated: April 7, 2022

DAVID L. KIRMAN
DAVID MARROSO
VISION WINTER
O'MELVENY & MYERS LLP

By: /s/ *David L. Kirman*

David L. Kirman
Attorneys for Defendant
CasperLabs, LLC