| | |
|---|---|
| Jennifer A. Golinveaux (SBN 203056)<br>jgolinveaux@winston.com<br>Thomas J. Kearney (SBN 267087)<br>tkearney@winston.com<br>Irina V. Lyapis (SBN 298723)<br>ilyapis@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA  94111-5840<br>Telephone:  (415) 591-1000<br>Facsimile:    (415) 591-1400<br><br>David Enzminger (SBN 137065)<br>denzminger@winston.com<br>WINSTON & STRAWN LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA  90071-1543<br>Telephone:  (213) 615-1700<br>Facsimile:    (213) 615-1750 | ROTHWELL FIGG ERNST & MANBECK P.C.<br>Christopher Ott (SBN 235659)<br>cott@rothwellfigg.com<br>16501 Los Barbos<br>Rancho Santa Fe, CA 92067<br>(202) 783-6040<br><br>Leo M. Loughlin (*pro hac vice*)<br>(DC Bar No. 474963)<br>(lloughlin@rfem.com)<br>Jennifer Maisel (*pro hac vice*)<br>(DC Bar No. 1025637)<br>(jmaisel@rfem.com)<br>Caitlin M. Wilmot (*pro hac vice* to be filed)<br>(DC Bar No. 241246)<br>(cwilmot@rfem.com)<br>Dylan Haversack (*pro hac vice* to be filed)<br>(VA Bar No. 95814)<br>(dhaversack@rfem.com) |

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAD ZAMFIR,<br><br>    Plaintiff,<br>v.<br><br>CASPERLABS, LLC,<br><br>    Defendant. | Case No. 3:21-cv-00474-TWR-AHG<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: May 5, 2022<br>Time: 1:30 p.m.<br>Courtroom:  3A<br>Judge: Hon. Todd W. Robinson<br>Magistrate: Hon. Allison H. Goddard<br><br>Original Complaint Filed: March 17, 2021<br>Trial Date: Not Yet Set |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. Zamfir's Motion is proper................................................................................2

    B. Zamfir's Motion easily meets Rule 15(a)'s standard.................................2

    C. CasperLabs fails to show that it will be prejudiced by the proposed amendment ......................................................................................................3

        1. CasperLabs' hypothetical sources of "potential" prejudice do not withstand scrutiny ...............................................................................4

        2. CasperLabs' cited cases fail to support its theory of prejudice .......4

        3. Zamfir's proposed amendments are permissible in scope...............5

    D. There is no undue delay, and even if there were, it would not justify denying leave to amend ................................................................6

        1. Zamfir did not unduly delay pleading his new claims, which will not create undue delay going forward ...........................................6

        2. CasperLabs' cited cases fail to support its "undue delay" theory ...7

        3. CasperLabs fails to demonstrate that Zamfir's proposed amendment shows bad faith...........................................................9

    E. That Zamfir amended his Complaint once as a matter of course is not a basis to deny leave to amend..........................................................10

III. CONCLUSION ...................................................................................................10

## I. INTRODUCTION

This case concerns CasperLabs' deliberate and unlawful misappropriation, registration, and use of Zamfir's CASPER mark for its own benefit. As described in detail in Zamfir's Second Amended Complaint, which builds on and expands Zamfir's existing claims and allegations, this is a classic case of fraud: CasperLabs made false promises to Zamfir that it would obtain the CASPER mark for him, then instead registered the mark for itself without informing Zamfir—a material misrepresentation that was intended to, and did, deceive, and that Zamfir relied on to his detriment.

CasperLabs has no principled basis for opposing Zamfir's motion to amend to add these new claims and allegations. Colorful language and *ad hominem* attacks aside, CasperLabs does not seriously dispute their merits, and does not dispute that judicial economy would be well served by adjudicating them in combination with Zamfir's existing claims. There is no chance that Zamfir's new claims will unduly delay these proceedings: discovery has not yet begun, and the parties have not even exchanged initial disclosures. CasperLabs' overreaching position that if a plaintiff "could have raised" claims at some earlier time, it should forever be precluded from bringing them *at all*, has no basis in law or logic. And its only other argument against amendment—that if Zamfir brings claims, CasperLabs will have to defend itself—is meritless: if the mere prospect that a party will face additional legal claims were a valid reason to deny leave to amend, Rule 15(a) would be a dead letter. Unsurprisingly, courts confronted with this specious argument have flatly rejected it.

CasperLabs repeatedly misstates the legal standard for permitting amendment, ignores binding authority and seriously mischaracterizes nearly every case it cites, and engages in *ad hominem* attacks, in a baseless attempt to prevent Zamfir from seeking legal redress for CasperLabs' bad acts. Its arguments are meritless: Zamfir's Motion easily meets Rule 15(a)'s standard, which courts apply with "extreme liberality" to permit free amendment of pleadings. The Court should grant it.

## II. ARGUMENT

### A. Zamfir's Motion is proper

After Zamfir amended his initial Complaint as of right, the Court dismissed certain claims, and permitted Zamfir to amend to cure any deficiencies. ECF 50 ("Order") at 13:10-14. Zamfir did so, ECF 54, and simultaneously moved pursuant to Federal Rule 15(a) for leave to amend to add new, related claims, ECF 53-2. CasperLabs argues that because the Order did not *expressly* "permit the filing of new claims[,]" Zamfir's subsequent Rule 15(a) motion is somehow "improper[ ]." Opp. 4:12-13, 4:17-18. But there is nothing "improper[]" about seeking leave to amend as expressly permitted by the Federal Rules.[1] Unsurprisingly, CasperLabs cites not a single authority to the contrary. As discussed below, none of the factors that *could* justify denial of the Motion are present here.

### B. Zamfir's Motion easily meets Rule 15(a)'s standard

CasperLabs' crabbed interpretation of Rule 15(a) is legally indefensible. Ninth Circuit precedent establishes "a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis added). The Court's "determination should be performed with *all inferences in favor* of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (emphasis added); *see SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085-86 (S.D. Cal. 2002) (courts "apply the policy of free amendment of

---

[1] Zamfir's proposed amendment would be proper even if he had not sought formal leave: where, as here, leave to amend is "not limited to amendment of existing claims," and Defendants do not "demonstrate that they would be prejudiced by the addition of [the] claim," a party may typically amend to add new claims without seeking leave. *Gilmore v. Union Pacific R. Co.*, 2010 WL 2089346, at *4 (E.D. Cal. May 21, 2010). Here, the Court's Order provided that Zamfir "MAY FILE an amended complaint curing the above-identified deficiencies [in the dismissed claims]"—but it did not limit him to *only* doing so. Order 13:12-14; *see Topadzhikyan v. Glendale Police Dep't*, 2010 WL 2740163, at *3 n.1 (C.D. Cal. July 8, 2010) (addition of new claims permitted where order granted leave to "file an amended complaint curing the defects noted herein").

1  pleadings with extreme liberality.") Consistent with these principles, leave to amend
2  "should be granted unless amendment would cause prejudice to the opposing party, is
3  sought in bad faith, is futile, or creates undue delay." *Xeta Techs., Inc. v. Exec. Hosp.,*
4  *Inc.*, 2009 WL 1585820, at *1 (S.D. Cal. June 4, 2009) (quoting *Johnson v. Mammoth*
5  *Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). A party opposing amendment
6  "bears the burden of showing that there is some reason to deny" the motion. *SAES*
7  *Getters*, 219 F. Supp. 2d at 1087.

8      CasperLabs manifestly fails to meet its burden: it can show neither prejudice, nor
9  bad faith, nor undue delay, and it does not argue that the proposed amendment would
10 be futile. Moreover, as discussed in detail below, each of CasperLabs' arguments
11 against permitting amendment flies in the face of binding case law and ample precedent.

12     As the Supreme Court long ago explained—in a case CasperLabs cites, but fails
13 to heed—"[i]f the underlying facts or circumstances relied upon by a plaintiff may be a
14 proper subject of relief, he ought to be afforded an opportunity to test his claim on the
15 merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). That is precisely the case here.

16     **C.**    **CasperLabs fails to show that it will be prejudiced by the proposed**
17             **amendment**

18     "As [the Ninth Circuit] and others have held, it is the consideration of prejudice
19 to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at
20 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)" (internal quotation
21 marks and citation omitted)). CasperLabs does not come close to meeting its burden to
22 show prejudice. Indeed, conceding that it cannot do so, it argues only that there is
23 "*potential* prejudice to CasperLabs" because the proposed amendment "*threatens* to …
24 delay [the] proceedings." Opp. 7:21-22, 9:4 (emphases added). CasperLabs also argues
25 that prejudice will arise from "the additional litigation costs it will incur in addressing
26 new claims in a *third* 12(b)(6) motion and defending" against the fraud claim, and
27 laments that "[t]he allegations of fraud will require discovery of the CasperLabs
28 directors and officers referenced in the allegations[.]" Opp. 9:7-9 (emphasis

Defendant's), 9:28-10:4. None of these arguments has merit.

### 1. CasperLabs' hypothetical sources of "potential" prejudice do not withstand scrutiny

For obvious reasons, the mere prospect that a party will face additional legal claims does not factor into the Rule 15(a) analysis—if it did, the Rule would be a dead letter. Accordingly, courts faced with precisely this issue routinely permit amendment. *See Gatan, Inc. v. Nion Co.*, 2017 WL 57337, at *4 (N.D. Cal. Jan. 5, 2017) ("Although [defendant] argues that it would suffer prejudice in the form of having to brief another motion to dismiss, the burden of having to defend a new claim or engage in additional discovery does not, standing alone, constitute undue prejudice.") (internal quotation marks and citation omitted); *Bowen v. Target Corp.*, 2019 WL 9240985, at *5 (C.D. Cal. Nov. 12, 2019) ("Without the risk of delay to scheduled deadlines or hearings, 'the prejudice Defendant[ ] complain[s] of is nothing more than the inconvenience always present when a party is required to defend against a law suit.'") (quoting *Davis v. Soc. Serv. Coordinators, Inc.*, 2011 WL 3207818, at *2 (E.D. Cal. July 28, 2011)); *see DCD Progs. Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("liberality in granting leave to amend is not dependent on whether the amendment will add causes of action[.]").

### 2. CasperLabs' cited cases fail to support its theory of prejudice

CasperLabs' cited cases are readily distinguishable, and none supports the absurd proposition that merely *asserting* new legal claims amounts to undue prejudice for purposes of Rule 15(a). Unlike the situation here, all of the cited cases show obvious, serious prejudice to the opposing party from the proposed amendment. In *Morongo Band of Mission Indians v. Rose*, an Indian tribe had initially filed suit to enforce a local tribal ordinance. Two years later, *after* the district court had dismissed the case on summary judgment,[2] the tribe sought leave to amend to bring a host of new, entirely

---

[2] CasperLabs incorrectly asserts that *Morongo Band* "had not yet moved past the motion to dismiss stage when the district court denied plaintiff's motion for leave to amend."

4

unrelated federal claims "based upon [RICO], … 25 U.S.C. § 81 (regulating contracts with tribes), [and] [federal] criminal depredation and trespass statutes[.]" 893 F.2d 1074, 1079 (9th Cir. 1990). The Ninth Circuit reversed the dismissal order, but found no abuse of discretion in denying leave to amend on the basis of "inordinate delay, prejudice to the defendants, the fact that the amended complaint would greatly change the nature of the litigation, and the potential futility of the claims." *Id.* at 1079. Similarly in *Stroke Rehab Assoc.*, this Court denied leave where the "case [was] over three years old, past summary judgment, and poised for trial[,]" "the motion to amend [wa]s inherently contradictory," *and* the plaintiff's purported reason for delay "approache[d] the preposterous." *S. California Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2012 WL 273140, at *2 (S.D. Cal. Jan. 30, 2012). Finally, as CasperLabs appears to recognize, *Owens v. Kaiser Found. Health Plan, Inc.* supports *Zamfir's* position, not CasperLabs': there, the district court *granted* leave to amend even though discovery had begun more than half a year earlier. 244 F.3d 708, 712 (9th Cir. 2001); *see* Opp. 9:20-24. CasperLabs' own cases demonstrate that only extreme circumstances and clear prejudice justify denying leave to amend. This case is a far cry from any of them.

### 3.     Zamfir's proposed amendments are permissible in scope

Equally unpersuasive (because irrelevant) is CasperLabs' conclusory claim that it will be unduly prejudiced because Zamfir's proposed new claims—which are based on the same nucleus of facts as his existing claims—"substantially alter the nature of the proceedings." *See* Opp. 9:26-28. Even if that were true (which it is not), it would be irrelevant: "[t]he right to amend … encompasses the right 'to add a new cause or theory

---

pp. at 9 (calling this false statement "notabl[e]"). As that Court repeatedly explained, "denial of leave to amend occurred *after the court had dismissed all claims*[.]" 893 F. 2d at 1079 (emphasis added); *see* Appellate Case No. 92-56180, 1993 WL 13626684 (9th Cir. Feb. 2, 1993) (appellate brief of Morongo Band of Mission Indians, explaining that the (improper) dismissal had occurred at the summary judgment stage). The Ninth Circuit reversed the dismissal, and the case proceeded to trial on the original claim. *See U.S. ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 904 (9th Cir. 1994).

of action.'" *Urista v. Bank of Am., N.A.*, 2012 WL 10596, at *6 (N.D. Cal. Jan. 3, 2012) (internal quotation marks and citation omitted); *see Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1174 (E.D. Cal. 2013) ("An amended complaint under Rule 15(a) permits the party to add claims or to allege facts that arose before the original complaint was filed."). And as explained above, for purposes of Rule 15(a), adding new claims is simply not prejudice. *See above*, § II.C.1; *Gatan*, 2017 WL 57337, at *4; *Bowen*, 2019 WL 9240985, at *5.

Moreover, as CasperLabs concedes elsewhere, its statement is *not* true. *See, e.g.*, Opp. 7:13-14 ("Zamfir's § 17200 claim is based on the same facts as the false-designation claim that was included in the original Complaint."). The FAC already contains many of the core allegations going to fraud: that CasperLabs knowingly (FAC ¶ 72) misrepresented (FAC ¶¶ 61, 68) and concealed material facts (FAC ¶¶ 62, 66-67) that Zamfir relied on (FAC ¶¶ 61, 67) to his detriment (FAC ¶¶ 69-74, 76-77).

### D. There is no undue delay, and even if there were, it would not justify denying leave to amend

Courts use the term "undue delay" to refer to situations where a proposed amendment "*creates* undue delay"—that is, it will unduly delay the proceedings going forward—or where a proponent has unduly delayed *seeking* amendment. In either case, the delay must either unduly prejudice the opposing party, or demonstrate bad faith by the party seeking to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (vacating denial of leave to amend where "the district court did not make any specific findings of prejudice, bad faith, or futility" and noting that "[u]ndue delay by itself ... is insufficient to justify denying a motion to amend."). CasperLabs fails to show that either type of undue delay is present here, *and* fails to show prejudice or bad faith from the (non-existent) delay.

#### 1. Zamfir did not unduly delay pleading his new claims, which will not create undue delay going forward

CasperLabs' argument that a purported delay in *pleading* new claims "is reason

enough to reject them," Opp. 5:11-12, is wrong as a matter of law. As decision after Ninth Circuit decision makes clear, "[d]elay alone does not provide sufficient grounds for denying leave to amend: 'Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.'" *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254–55 (9th Cir. 1981) (quoting *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)).

Moreover, "[t]o show undue delay, the opposing party must at least show delay past the point of initiation of discovery[.]" *SAES Getters*, 219 F. Supp. 2d at 1086 (S.D. Cal. 2002).[3] Here, discovery has not yet even commenced, so there is no undue delay.[4] CasperLabs does not (and could not) allege that permitting Zamfir's proposed amendment would *create* undue delay, for the same reason: discovery has not yet commenced, and amendment cannot unduly delay proceedings that have not even been scheduled.

### 2. CasperLabs' cited cases fail to support its "undue delay" theory

In stark contrast to the situation here, where there is *no* showing of prejudice, CasperLabs' cases show the high degree of *demonstrable* prejudice to a non-moving

---

[3] "[E]ven after [the initiation of discovery], courts will permit amendment provided the moving party has a reasonable explanation for the delay." *Id.*; *see, e.g., Whatru Holding LLC v. Bouncing Angels Inc.*, 2014 WL 12629952 (C.D. Cal. Sept. 18, 2014) (permitting amendment to add new defendant, new copyright claim, and California Unfair Competition Law (§ 17200) claim, after the parties had exchanged initial disclosures and the court had already set a deadline for the close of discovery).

[4] Zamfir retained new co-counsel after CasperLabs had filed its renewed motion to dismiss the FAC. ECF 42, 43, 44 (appearances of counsel). In similar situations, courts have found no undue delay in seeking to amend under the far more stringent "good cause" standard of Rule 16(b). *See, e.g., Whatru Holding*, 2014 WL 12629952, at *3 (finding plaintiff "acted diligently" in seeking to amend under Rule 16(b), where it had "obtained new counsel … and its new California counsel discovered the potentially infringing product after conducting an independent analysis of Plaintiff's case.")

party that *may* be a sufficient basis to deny leave to amend. In *Jackson v. Bank of Hawaii*, discovery had closed and defendant's dispositive motion had been pending for more than half a year; defendant would have been prejudiced by having to both reopen discovery and relitigate coverage with its insurer. 902 F.2d 1385, 1386-87 (9th Cir. 1990). In *Kaplan v. Rose*, "voluminous and protracted discovery" had been completed and trial was only two months away. 49 F.3d 1363, 1370 (9th Cir. 1994). In *Texaco, Inc. v. Ponsoldt*, the plaintiff had "waited until after discovery was over, just four and a half months before the trial date," "eight months after the district court granted [partial] summary judgment against it, and nearly two years after filing the initial complaint[.]" 939 F. 2d 794, 798-99 (9th Cir. 1991). The plaintiff in *Rich v. Shrader* sought to file a *third* amended complaint "after almost five years of litigation… years of discovery and a grant of summary judgment for the defendants," and "likely" did so in order to avoid a statute of limitations. 823 F. 3d 1205, 1209-10 (9th Cir. 2016). In *Stroke Rehab Assocs.* (discussed above), the case was "over three years old, past summary judgment, and poised for trial[,]" "the motion to amend [wa]s inherently contradictory," and plaintiff's reason for delay "approache[d] the preposterous." 2012 WL 273140, at *2 (S.D. Cal. Jan. 30, 2012). And in *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946 (9th Cir. 2006), the defendant had sought leave to amend its answer more than halfway through discovery, in order to assert a new affirmative defense that "drastically changed its litigation theory" by flatly "contradict[ing] [its] own previous admissions mid-stream, without any proffered reason." *Id.* at 953-54 & n.9 (internal quotation marks omitted).

CasperLabs fails to show that a comparable degree of prejudice—or any prejudice at all—exists here. Absent that required showing, courts readily countenance far longer delays in moving to amend. *See, e.g.*, *Hurn*, 648 F.2d at 1253 (abuse of discretion to deny motion for leave to amend that was filed "approximately two years after [the] original complaint"); *Howey*, 481 F.2d at 1190 (same, for motion filed five years after original complaint).

### 3.  CasperLabs fails to demonstrate that Zamfir's proposed amendment shows bad faith

CasperLabs argues, in conclusory fashion, that Zamfir's ordinary litigation conduct in full compliance with the Federal Rules shows bad faith. Opp. 8:2-16. Plainly, it does not. Zamfir's first amendment was permissible "as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). There is nothing remotely unusual, let alone indicative of *Plaintiff's* "bad faith," in *CasperLabs'* decision to renew its pending Rule 12 motion in response. As for the fiduciary claims filed in a separate lawsuit by Coordination Technology Ltd. (not Zamfir), the plaintiff in that case voluntarily dismissed the claims for reasons unrelated to this action.[5] CasperLabs' "bad faith" arguments are devoid of merit.

CasperLabs again misrepresents all the cases it cites, all of which undermine rather than support its arguments. In *Fresno Unified*, the court *declined* to find bad faith, even though the defendant sought leave to file a "nearly wholesale amendment of her counter claim" in order "to delay resolution of an issue on which she kn[ew] she [wa]s unlikely to prevail[,]" the proposed amendment was of "dubious value[,]" and the defendant had a "history of dilatory tactics in the course of the litigation[.]" 980 F. Supp. 2d at 1179. In *Griggs*, the Ninth Circuit *rejected* the district court's "implicit finding that Griggs's previous filings were made in bad faith," and held that the plaintiff should be permitted to file a third amended complaint, *even if* it were true that his "*previous* amended complaints might … have been filed in bad faith." 170 F.3d at 881 (emphasis in original). And the court in *Leitner v. Sadhana Temple of N.Y., Inc.* rejected defendant's "bad faith" theory and granted plaintiff leave to file a second amended complaint after finding that her proposed new allegations, which "were certainly known to her at the time she filed this action[,]" did not "necessarily" contradict her earlier

---

[5] CasperLabs' mischaracterization of the unrelated derivative lawsuit as "frivolous" reflects wishful thinking, not—as CasperLabs misleadingly implies—any legal finding. The Court's show-cause order in that case concerned technical jurisdictional issues that had no bearing on the merits of Zamfir's claims. Case No. 3:21-cv-01295.

testimony. 2014 WL 12591666, at *6 (C.D. Cal. May 8, 2014). The facts in CasperLabs' own cited cases did not warrant a finding of bad faith; the facts here certainly do not.

### E.  That Zamfir amended his Complaint once as a matter of course is not a basis to deny leave to amend

CasperLabs closes with the near-frivolous argument that leave should be denied because Zamfir amended his Complaint *once* as of right, but "could have raised [his claims]" earlier. This argument fails for the reasons set forth above. CasperLabs does not even attempt to show prejudice, bad faith, or futility. And it misrepresents, yet again, each case it relies on, which yet again fail to support its arguments. In *Salameh v. Tarsadia Hotel*, the plaintiff had failed to comply with the court's "specific instructions on how to amend the complaint," and the court had previously dismissed the plaintiffs' second amended complaint, which it was "clear … could not be saved by amendment." 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotations marks and citation omitted). *Rich v. Shrader*, 823 F. 3d 1205, is discussed above, and is inapposite here for the same reasons. And in *Allen v. City of Beverly Hills*, the plaintiff sought to file a *fourth* amended complaint after his case had been dismissed with prejudice, and "any further amendment … would likely prove futile." 911 F.2d 367, 373-74 (9th Cir. 1990).

## III.  CONCLUSION

The policy in favor of leave to amend must be applied with extreme liberality. *Owens*, 244 F.3d at 712. There is no question, and CasperLabs does not dispute, that "the underlying facts or circumstances relied upon by [Zamfir] may be a proper subject of relief," and accordingly "he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Because CasperLabs fails to show that any of the factors that could justify denial are present here, the Court should grant the Motion.

Dated: April 20, 2022                    By:  *s/ Jennifer A. Golinveaux*

Jennifer A. Golinveaux (SBN 203056)

| | |
|---|---|
| 1 | WINSTON & STRAWN LLP |
| 2 | 101 California Street, 35th Floor |
|  | San Francisco, CA  94111-5840 |
| 3 | 415-591-1000 |
| 4 |  |
| 5 | Christopher Ott (SBN 235659) |
|  | 16501 Los Barbos |
| 6 | Rancho Santa Fe, CA 592067 |
|  | ROTHWELL, FIGG, ERNST & |
| 7 | MANBECK, P.C. |
| 8 | 607 14th Street, NW; Suite 800 |
|  | Washington, DC  20005 |
| 9 | 202-783-6040 |
| 10 |  |
| 11 | *Attorneys for Plaintiff Vlad Zamfir* |